The motion is denied with costs.

## SAME vs. SAME.

Where an order had been made by the court putting a party in possession of property, it will not be changed, so as to require the party to give additional security, unless the motion papers disclose some facts of mismanagement, or that the property will be wasted or destroyed, and the rights of the moving party be thereby lost ; and such facts must be so stated that they may be controverted by the party opposed.

Where the court had made an order putting C. into possession of property, and such order was in force, the court should not require additional security beyond that named in the order, without having some fact brought to its knowledge, showing that the security is inadequate. A mere statement by a party in interest, that he believes the property will not be prudently and economically conducted and managed by C., is not a sufficient statement of facts on which to make a change in the order.

After the decision of this court in the case of the *Attorney General ex rel. Cushing vs. Lum*, 2 Wis., 507, the writ of assistance was issued to the sheriff of Polk county, and Cushing was let into possession of the premises mentioned in the bill of complaint and in the writ of assistance. The complainant, Hungerford, then moved the circuit court of Dane county for an order that the defendant, Cushing, give further security, &c. The facts on which this motion was based, are stated in the opinion of the court. The circuit court on the 21st of October, 1854, made the following order, from which this appeal is taken:

" This cause came on to be heard on the motion of the said William S. Hungerford by his solicitors, Collins, Knowlton and Knapp, asking that the said defendant, Caleb Cushing, do give to the said complainant security in such sum as this court shall direct, and as will be sufficient to secure the interest of the said complainant in the premises, and also that the said Caleb Cushing do make report to this court of all his acts and doings in the premises as this court may direct; and the same having been argued by the counsel for the respective parties, and it appearing to this court that by the command of the supreme court of this state made, a writ of assistance was issued on the 20th day of May last past, by the clerk of this court, directing the sheriff of Polk county to to put the said Caleb Cushing, one of the defendants, into the possession of the premises mentioned in the bill of complaint filed herein;

" And it further appearing to this court, by the affidavit of the said complainant, that on the fifth day of October instant, the sheriff of Polk county, in this state, did put the said Caleb Cushing into the possession of · the said premises, and the complainant was at the same time put out of the possession thereof;

" And it further appearing to this court in like manner, that

Hungerford vs. Cushing et al.

the said complainant has a large interest in said premises as he believes and states upon his oath, of the value of one hundred and fifty thousand dollars, and that he fears the said premises will not be prudently and economically conducted and managed by said Caleb Cushing and his agents;

" Therefore on motion of the said solicitors of the said complainant, it is ordered and adjudged by the court now here and by authority in it vested, that the said Caleb Cushing in addition to any and all securities heretofore given in this cause, do, on or before the twenty-first day of November next, make and file with the clerk of this court his bond in the penal sum of ten thousand dollars, with two or more securities, who shall justify according to law; conditioned to pay to said complainant all such sums of money as may be directed by this court or any other court having jurisdiction of this cause, or for such damages as shall be found to have been sustained by the said complainant, by reason of any possession which said Caleb Cushing has obtained under or by virtue of said writ of assistance of the premises described therein; and that said Caleb Cushing will pay to said complainant all such damages as said complainant may sustain by reason of any strip or waste committed or suffered to be committed by said Caleb Cushing, or his agents and servants in and upon the premises aforesaid, during the continuance of the possession thereof by him, his agents or servants under the writ aforesaid.

" And it is further ordered and decreed that the said Caleb Cushing do make and file in the office of the clerk of this court at the end of each quarter year, a full and complete statement under oath of the rents, issues and profits of said premises and of all his acts and doings, under the deed of trust mentioned in the complainant's bill, until the further order of this court; and that said reports be made as follows, viz: On the fifth day of each and every of the months of January, April, July and October, and that said reports be

filed in the office of the clerk of this court, on or before the twenty-fifth day of each and every of the said months thereafter.

*McArthur & Bartlett* for the appellants.

*Collins, Knowlton & Knapp* for the respondent.

*By the Court,* WHITON, C. J.   The order of the court below must be reversed.

The affidavit of the complainant upon which the motion for the order was founded, discloses no facts which warrant the order made by the court.

The complainant merely alleges that Bartlett, who claimed to act as the agent of Cushing, Treadwell and other persons unknown to him, came to his residence at the Falls of St. Croix, on the fifth day of October, A. D. 1854, and entered upon and took possession of the real estate, mills and fixtures belonging thereto, together with the crops growing and gathered, and expelled the deponent, his family and servants; that the deponent has been informed that Cushing and those acting for him pretend to have acted under and by virtue of a writ of assistance heretofore issued by the clerk of the said court; that the deponent believes he has an interest in the real estate, mills and fixtures of the value of about one hundred and fifty thousand dollars; that he believes the same will not be safely, prudently and economically conducted and managed by said Cushing and his agents, and that he believes the personal property is of the value of about fifteen hundred dollars.

It will be seen that the affidavit discloses no cause whatever for requiring additional security from Cushing, into whose possession the property passed; except the fact that

the defendant fears that the property will not be safely, prudently and economically managed. He states no facts to show mismanagement, or to show that the property will be wasted or destroyed.

The writ of assistance mentioned in the affidavit by virtue of which the agents of Cushing took possession of the property, was undoubtedly issued by the clerk of the circuit court for Dane county, in obedience to a writ of mandamus issued from this court. See the case of *Attorney General ex rel. Cushing vs. Lum*, 2 Wis., R. 507. It appears from an examination of that case, that the reason why the mandamus to compel the clerk to issue the writ of assistance was awarded, was the existence of an order of the circuit court for Green county, in which the case was then pending, by which Cushing was let into the possession of the property upon giving the security fixed in the order.

It is apparent that Cushing is lawfully entitled to the possession of the property, so long as that order is in full force, and it is equally clear that the court ought not to require him to give additional security beyond that fixed in the order, without having some facts brought to its knowledge, to show that the security already given is inadequate.

But the court below decided that additional security should be given, without even a suggestion that the security given was insufficient, or that the property would be wasted or destroyed by Cushing or his agents. The complainant states merely that he believes the property will not be safely, prudently and economically conducted and managed by Cushing and his agents. This is not the statement of any fact which could be controverted by Cushing, and is entirely insufficient to warrant the order which was made.

The view which I have taken of the matter renders an examination of the affidavits filed to resist the motion unnecessary. Order reversed.