## MARTIN, APPELLANT, *v.* MAXEY, RESPONDENT.

[Submitted November 3, 1893. Decided February 5, 1894.]

ATTACHMENT—*Waiver of lien.*—An attaching creditor does not abandon his attachment by taking judgment and selling under execution the attached premises while an appeal from an order dissolving the attachment is pending and undetermined.

APPEAL—*Matters not reviewable.*—A question of practice relating to the regularity of an appeal from an order dissolving an attachment, and which appeal was entertained and determined, will not be reviewed by this court several years later on an appeal by one attacking in a subsequent action the title of the attaching creditor.

*Appeal from Ninth Judicial District, Gallatin County.*

CREDITOR'S BILL. Judgment was rendered for defendant below by ARMSTRONG, J. Affirmed.

*E. P. Cadwell,* for Appellant.

*Luce & Luce,* for Respondent.

HARWOOD, J.—This action is of kindred nature, and mainly determined by *Ryan* v. *Maxey,* just decided by this court. (See *ante,* p. 81.) But a few slight distinctions should be noticed.

Appellant insists: 1. That the attachment lien acquired by attachment of the property in controversy was lost by taking out execution and selling the attached property thereon, while the appeal from the order of Judge Liddell dissolving the attachment was pending in the supreme court. (*Maxey* v. *Speith,* 8 Mont. 494.) The attaching creditor perfected his appeal from that order, and, while the same was pending and undetermined, he prosecuted the action in which the attachment was issued to judgment, and took execution on the judgment, and sold the attached premises. Appellant insists that thereby the attachment was abandoned, but acknowledges that he could find no cases to cite in support of this proposition; and we consider it illogical and untenable to contend that while a litigant appeals from an order dissolving his attachment, and prosecutes such appeal to the effect of reversing the order appealed from, because he also pursues the attached property by execution, after prosecuting his action to judgment, he thereby abandons the attachment which he is at the same time seeking to uphold and keep in force by all the means provided by law on his behalf.

2. Appellant contends that the attachment in question failed, because the appeal from the order dissolving it was not taken within five days after that order was made, as provided in section 428, Code of Civil Procedure. We know, from the treatment of that appeal, that it was taken from the order dissolving the attachment in question, and that the appellate court considered that appeal, and reversed the order dissolving said attachment. We presume therefrom that the

appeal was taken, as required by law, to keep in force the attachment. The contrary view would assume that the court on that appeal considered and determined a case not properly appealed, so as to give the appellate court jurisdiction, and its determination effect upon the proceedings in question. We cannot now review the question of practice raised by appellant, relating to the regularity of the appeal taken, entertained, and determined several years since, as reported in 8 Montana Reports, 494.

3. Appellant insists that although respondents support their claim to the property in question by several sheriff's deeds, executed in pursuance of a sale of the property in question on independent judgments in several and distinct actions, the purchase of those outstanding titles by respondents merged them in that obtained by him through the sale of the same property on execution on his judgment; and insists that by reason of such merger, if the title founded on appellant's judgment can be found wanting in any respect, such defect taints all the other independent outstanding titles acquired to said property by purchase. Appellant asserts that he has cited authorities to support this position, but we think it doubtful, as there seems to be no reason in it. The case of *Vantilburgh* v. *Black*, 2 Mont. 371, is against that proposition, although in that case equitable titles were in question, while here legal titles are in question. It is unnecessary to determine this point, however, as appellant has been unable to show grounds to avoid the attachment lien of respondents, which he acquired through his own attachment and judgment. We therefore leave the point with these observations.

An order will be entered affirming the judgment of the trial court.

*Affirmed.*

· PEMBERTON, C. J., concurs.