## Sanders v. Standard Wheel Co.

(Decided February 13, 1913.)

### Appeal from Madison Circuit Court.

Costs—On Appeal—Unnecessary Matter in Record.—Where a party successful on appeal, caused the clerk of the lower court, by failure

to give him specific directions, to copy into the transcript depositions, which were immaterial to the issue on appeal, the costs incurred by their being made a part of the record must be borne by said party.

L. M. MORANCY, W. S. MOBERLY, J. S. FULLERTON, for appellant.

GREENLEAF & HERRINGTON, for appellee.

OPINION OF THE COURT BY JUDGE LASSING, ON MOTION TO RETAX AND APPORTION COSTS ON APPEAL.

Appellee moves to have the taxation of costs herein corrected. It appears that, when the record on appeal was prepared, no specific directions were given to the clerk in the circuit court, and he copied and certified the entire record. Thereafter, the parties discovered that he had done so, and entered into the following agreement, which was filed in this court:

"It is agreed that the evidence, inadvertently copied into the record and sent up by the clerk of the lower court, is not a proper part of the record herein, and shall be struck therefrom, and not considered."

The clerk of this court has taxed all costs, on appeal, against appellee, the unsuccessful party. Counsel for appellee now seeks to have it relieved of the payment of a part of these costs. Section 737, subsection 11, Civil Code of Practice, provides:

"A clerk who copies papers which do not constitute part of a record, unless required to do so by a judge or a party; and a party who requires a clerk to copy such papers, or immaterial parts of a record, shall pay the costs resulting therefrom, to be adjudged by the Court of Appeals upon or without motion."

Under the written agreement, it is apparent that the depositions are "immaterial parts of a record," and the costs incurred, by their being made a part of the record, must be borne by appellant.

The clerk will retax the costs so as to conform to this ruling.