## Stanley v. Farmers Bank & Trust Company.

(Decided May 28, 1918.)

### Appeal from Henderson Circuit Court.

1. New Trial—Newly Discovered Evidence.—A new trial will not be granted simply to permit the parties to relitigate the issues involved in the other case.

2. New Trial—Newly Discovered Evidence.—In a suit against an administrator to hold him accountable for the value of an article that it was claimed he lost to the estate by his negligent failure to secure possession of it and there was a judgment against the administrator, the fact that the administrator, subsequent to the judgment, secures possession of the article, will not entitle him to a new trial when it appears that the question whether it was lost to the estate by his negligence was litigated in this case, in which the judgment was rendered.

3. Executors and Administrators—Liability for Negligence.—An executor or administrator is only responsible for losses to the estate occasioned by his fraud, bad faith or negligence.

McCLAIN & PENTECOST, H. M. STANLEY and YEAMAN & YEAMAN for appellant.

CLAY & CLAY and JOHN C. WORSHAM for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In a suit in the Henderson Circuit Court between H. M. Stanley and the Farmers Bank & Trust Company, as administrator with the will annexed of Mrs. McCallister, there was a judgment, in January, 1917, against the trust company for $4,000.00, the alleged value of a diamond brooch which, it was charged, the Trust Company, as administrator of Mrs. McCallister, should be held accountable for, because the brooch was lost to the estate on account of the failure of the Trust Company, as administrator, to reduce it to possession.

In May, 1917, this suit was brought by the Trust Company against Stanley for the purpose of setting aside the judgment rendered in January, 1917, and granting it a new trial.

To the petition, as amended, Stanley entered a general demurrer, and his demurrer having been overruled, he declined to plead further, and there was a judgment on the averments of the petition, as amended, setting aside the January judgment and granting the trust company a new trial in the case in which the January judgment was rendered. This appeal is from the judgment ordering a new trial, and the only question before us is, did the petition, as amended, state a cause of action?

It appears that in February, 1915, the trust company, in its corporate capacity, filed its petition in equity against H. M. Stanley, the Farmers Bank & Trust Com-

pany, as administrator with the will annexed of Mrs. McCallister, and others, setting up that Stanley, with Mrs. McCallister as surety, executed and delivered to it three promissory notes for $400.00, $300.00 and $1,-000.00 each, and it sought judgment against Stanley and the administrator of Mrs. McCallister for the sums.

It further appears that in July, 1915, H. M. Stanley filed, in this suit, an answer, counter-claim and set-off, in which he stated that he was the principal in the $400.00 note, and only the surety of his mother, Mrs. McCallister, in the notes for $300.00 and $1,000.00; he further set up that Mrs. McCallister owned, at the time of her death, and the administrator was chargeable with $4,000.00, the value of a diamond brooch that the administrator had negligently and willfully failed and refused to take possession of; that had it taken possession of this brooch, as it should have done, the estate of Mrs. McCallister would have been increased in value $4,000.00, and more than sufficient to pay the debts due by the estate.

After this Stanley brought a separate suit against the Farmers Bank & Trust Company, as administrator, in which he made substantially the same allegations as he did in his answer and counter-claim, and subsequently the two suits were consolidated. In these suits the Farmers Bank & Trust Company, as administrator, filed its answer controverting all the allegations made by Stanley concerning the diamond brooch, and then set up that Mrs. McCallister died in April, 1914; that the Trust Company did not qualify as administrator until November, 1914; that before the death of Mrs. McCallister her heirs, namely, H. M. Stanley, Mrs. Matthews and McClain Stanley, took possession of all of the personal property left by the decedent and divided it among themselves; that in this division Mrs. Matthews got the diamond brooch, and took it with her to her home in the state of Ohio; that when an effort was made by the administrator to get possession of the brooch Mrs. Matthews claimed that it had been given to her by her mother in 1899, and since that time she had had possession thereof, claiming it as her own and she refused to deliver it to the administrator or account for its value; that Mrs. Matthews had always been a non-resident of the state of Kentucky, and the brooch had not been in the jurisdiction of the state of Kentucky since the appointment of the administrator; that it had no way of disproving that

the claim of Mrs. Matthews that the diamond brooch was hers, and under such circumstances ·it was not its duty, as administrator, to expend four or five hundred dollars in an attempt to recover the brooch; it was further averred in this pleading that if the court should be of the opinion that the administrator should take steps to recover the brooch that it be given the aid of the court in so doing, and it prayed that Mrs. Matthews be required to answer and set up whatever claim she might have to the brooch.

To this pleading Stanley, in November, 1916, filed a reply controverting its allegations, and further averring that in November, 1916, he had notified the administrator that Mrs. Matthews had the brooch in her possession and requested that the administrator recover the possession of the same, or its value; that the administrator. said it knew Mrs. Matthews had the brooch ·and that when Stanley returned the ring, it was claimed he had, belonging to the estate, the brooch would be forthcoming. Stanley also averred, in his reply, that the .brooch was owned by and in the possession of Mrs. McCallister at the time of her death, and was never in the possession of Mrs. Matthews except on a few occasions, which facts were known to the administrator when it qualified; that Mrs. Matthews had an interest in bonds in Henderson county of sufficient value to pay the value of the brooch; $4,000.00, but that the administrator, although it knew of this fact, refused to take any steps to secure out of these bonds the value of the brooch.

In the petition for a new trial the administrator, after setting out the above facts, averred that on account of the non-residency of Mrs. Matthews and the fact that the brooch was in her possession it was unable to secure possession of the same during the trial and had been advised by its counsel not to incur the risk and expense that would follow an effort to get possession of the brooch; that it acted in good faith and in a prudent manner in all that it did in connection with the brooch; that since the judgment it had secured the possession of it and its value was only $1,500.00 as it could clearly show.

It is, of course, manifest that if the possession of the brooch had been secured by the administrator, pending the original case, that would have been an end of the case, no matter what the value of the brooch might have been, and no judgment in any sum would have gone against

the administrator, or if it had shown in that case that the value of the brooch was only $1,500.00 judgment for that sum only would have gone against it, and it does not appear in any satisfactory way that it could not have shown the real value of the brooch

The argument is made that if the judgment stands, the administrator will lose $2,500.00, the difference between the value of the brooch fixed in the judgment, and its real value.

This may be so, but if the administrator did not introduce any evidence, or any sufficient evidence, on the trial to show that the value of the brooch was less than $4,000.00, we do not see how it can complain of the judgment against it, when it does not appear that it could not have shown, on the trial, that the brooch was only worth $1,500.00.

Coming now to the law of the case, as we understand it, the administrator sought to obtain a new trial under section 340 of the Civil Code upon the ground that it had discovered new and material evidence which it could not, with reasonable diligence, have discovered and produced at the trial. This alleged newly discovered evidence consisted in the fact that after the judgment it had secured possession of the brooch, and thereupon was enabled to ascertain, for the first time, its real value, $1,500.00. The ascertainment, after the judgment, that the value of the brooch was only $1,500.00 in place of $4,000.00, as determined by the court, in the trial in which the judgment was rendered, does not furnish a sufficient reason why a new trial should be granted, because, as we have determined, there appears to have been no satisfactory reason why the value of this brooch could not have been discovered before the judgment.

Passing this issue, it is earnestly insisted that the fact that the administrator was able, after the judgment, to secure possession of the brooch when it could not, by the exercise of reasonable care and diligence, have secured its possession before the judgment, entitled it to a new trial for the reason that the brooch itself, being the very thing in issue, would have determined the case in its favor if it had been able to tender the brooch during the trial.

It is, undoubtedly, true that if the administrator, on the trial of the case, had tendered the brooch this would

have ended the case in its favor without regard to the value of the brooch, and so, the only remaining question for our decision on this petition for a new trial is, did the administrator exercise due care and diligence to secure the possession of the brooch before the judgment went against it, or was its failure to get possession of the brooch due to bad faith, or fraud or gross negligence on its part? The failure to secure possession of the brooch before the judgment was not caused by the fact that the administrator did not know where the brooch was, or who had it in possession, because it knew at all times during the trial that the brooch was in existence, and the name and address of the party who had it in possession. But the mere fact that it knew of the whereabouts of this brooch, during the trial, would not deny it the right to a new trial if by the exercise of due care and diligence it could not have produced the brooch at the trial. This was determined in the cases of Smith v. Chapman, 153 Ky. 70; Goddard v. Latta, 152 Ky. 238.

So that the question comes down to the issue, did the administrator exercise reasonable care and diligence to secure the possession of the brooch before judgment went against it, and also brings up the question whether this issue was litigated in the suit between Stanley and it?

Plainly, a new trial will not be granted to litigate an issue that was fully tried out in the case in which a new trial is asked, and we think it is equally plain that the issue, whether the failure on the part of the administrator to secure the brooch was due to bad faith, or fraud, or gross negligence, on its part, or because after it had exercised such care as a prudent administrator would exercise to obtain possession of the brooch, it could not do so, was directly put in issue and litigated in the trial in which judgment went against the administrator.

In fact, this was the real issue between the parties in that case, the administrator contending that it had exercised the required care to obtain possession of the brooch, but could not do so, while Stanley contended that its failure to obtain possession of it was caused by its lack of proper care and diligence. It would seem to necessarily appear, from the judgment against it, that its failure to secure the brooch was due to bad faith, or fraud, or gross negligence on its part, because in the absence of a showing like this it could not have been held

liable. It would further seem to follow that if its failure to secure possession of the brooch before the judgment went against it, was caused by bad faith, or fraud or gross negligence on its part, it ought not to be allowed to open up that judgment on the sole ground that after it was entered it secured possession of the brooch, because giving to the judgment the weight and effect to which it is entitled, it could have secured possession of it, except for its gross negligence, or bad faith, or fraud, and this fraud, bad faith or gross negligence, necessarily, consisted in its failure to get possession of the brooch, and hence the court must, of necessity, have disregarded the plea that it acted with proper care on the advice of counsel and did not think it prudent to incur the expense and take the risk of liability that might have followed an effort on its part to get the brooch. If we should set aside the judgment, it could only be upon the ground that the administrator was not guilty of fraud, or gross negligence, or bad faith in failing to produce it at the trial, and the effect of this would be to overturn the judgment for causes that were fully litigated in the case in which the judgment was rendered and order a new trial simply to permit the parties to relitigate the precise issue involved in the other case.

We have been furnished, by counsel, with a number of cases holding that an administrator is only responsible for losses occasioned by his fraud, bad faith or gross negligence: Thomas v. White, 3 Litt. 177; Head v. Perry, 1 T. B. M. 253; White's Heirs v. White's Admr., 3 Dana 374, but the principle announced in these cases can have no weight in helping the administrator in this suit for a new trial; because, as we have said, the judgment against it is conclusive of the question that in failing to secure possession of the brooch it was guilty of fraud, or bad faith or gross negligence.

The fact that the administrator has been able, since the judgment, to get possession of the brooch is not such newly discovered evidence as would entitle it to a new trial under the circumstances of the case.

Wherefore, the judgment is reversed with directions to dismiss the petition for a new trial.