## Farmers Bank and Trust Company, Administrator of Fannie S. McAllister, et al. v. Stanley, et al.

(Decided February 18, 1921.)

### Appeal from Henderson Circuit Court.

1. Judgment—Master's Report Not Final Order.—A report of a master commissioner charging the personal representative with a specified item or items, although followed by an order of confirmation, is not a final one for the purpose of appeal where there was no order of distribution of the fund or any adjudication of the rights of any one to any of it, and where those questions were left open for future determination, and especially so where a re-reference of the cause was made to the commissioner.

2. Appeal and Error—Dismissal of From Order Not Final.—An appeal from an order which is not final may be dismissed at any time before the appeal is disposed of on its merits, either upon motion of a party, or by the court on its own motion; but if the appeal is not dismissed and the court passes upon the merits of the questions and no corrective motions are made thereafter until the expiration of the time provided therefor by the local practice, the opinion of the appellate court becomes final and conclusive upon the parties and the question as to the finality of the judgment appealed from can not thereafter be controverted, either in the lower court after remand, or by the appellate court on a second appeal from a final judgment.

3. Executors and Administrators—Personal Representative Chargeable With Interest.—A personal representative will not be chargeable with interest upon assets in his hands for two years after his appointment, unless he actually collected interest thereon or could have done so in the exercise of reasonable care; but after two years he will be chargeable with such interest, unless he can show that because of peculiar and uncontrollable circumstances it would be inequitable to charge him therewith.

4. Appeal and Error—Judgment Directing Damages.—After a judgment has been affirmed by the Court of Appeals with damages it is too late on a second appeal of the case to raise the question as to the error in allowing damages, and the judgment of the trial court rendered in obedience to the mandate directing damages will not be disturbed on an appeal therefrom, on the ground that the appellate court should not have directed damages on the first appeal.

5. Executors and Administrators—Attorneys' Fees.—A litigant in settlement suits who employs attorneys and whose services resulted in recovering assets for the estate to the benefit of interested parties, or whose services resulted in defeating claims against the estate, likewise beneficial to the parties, is entitled to a reasonable attorney's fee to be paid out of the trust fund.

CLAY & CLAY and JOHN C. WORSHAM for appellants.

H. M. STANLEY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming on the original appeal and reversing in part on the cross appeal.

The appellant, Farmers Bank and Trust Company, was the administrator with the will annexed of Mrs. Fannie S. McAllister, who died a resident of Henderson county. It filed suit in its individual capacity against itself as personal representative, and against H. M. Stanley, on three notes aggregating $1,700.00 which had been jointly executed to it by its decedent and H. M. Stanley. The latter filed answer, making it a counterclaim and setoff, in which he charged plaintiff as the personal repre-

sentative of decedent (who was his mother) with a devas-
tavit, in that it had failed to possess itself of a diamond
brooch that belonged to her and which was worth $4,000.-
00, and he sought to charge the personal representative
with that sum and prayed for a settlement of the estate.
Appropriate pleadings made the issues and the cause was
referred to the master commissioner, who reported that
the diamond brooch was the property of the decedent and
that plaintiff had carelessly and negligently failed to pos-
sess itself of it and that it was worth $4,000.00, which lat-
ter fact was reported to be agreed to by the parties. Ex-
ceptions were filed to that report by the trust company
and upon hearing they were overruled and the report of
the commissioner was confirmed, but there was no final
distribution or order made in the case. On the contrary,
in the order of confirmation there was a re-reference to
the commissioner. A short while thereafter the trust
company filed a petition for a new trial on the issues as
to the value of the brooch and its liability therefor, and
alleged that it had obtained the brooch and that it was not
worth exceeding $1,500.00. The lower court granted a
new trial, but that judgment on appeal to this court was
reversed in an opinion reported in 180 Ky. 705. After the
filing of the mandate which issued upon that opinion
plaintiff prosecuted an appeal to this court from the orig-
inal order of confirmation charging it with the brooch at
a valuation of $4,000.00. That judgment was affirmed in
an opinion reported in 186 Ky. 836. Reference is made to
those two opinions for a more detailed statement of the
facts and of the history of the case. The mandate from
the last opinion referred to awarded ten per cent. damag-
es and after it was filed in the trial court a final judgment
of distribution was rendered in which the trust company
was charged with interest on the $4,000.00 from May 23,
1917, and with $400.00 damages pursuant to the mandate
from this court, and from that judgment it prosecutes
this appeal, urging three points for reversal, which are:
(1) that it should be charged with only the sum of $950.00
(being the amount for which the brooch was sold under
an order of court made and executed pending the prior
appeals) instead of the sum of $4,000.00 as originally
reported by the commissioner and confirmed by the
court; (2) error of the court in awarding interest on the
$4,000.00, and (3) error in allowing ten per cent. damag-
es. A cross appeal prosecuted by the appellee and de-
fendant, H. M. Stanley, questions the propriety of the

judgment in certain particulars, only one of which merits consideration and which will be disposed of later in this opinion.

It is doubtful whether ground (1) urged for a reversal is properly before us, since the exceptions filed to the commissioner's report, upon which the judgment appealed from was rendered, do not include the particular error complained of. We have concluded, however, to dispose of the questions raised, as briefly as possible. It is insisted that the order of February 23, 1917 (the one affirmed in 186 Ky. 836), was not a final order from which an appeal could be prosecuted and not being so its affirmance by this court did not change its legal effect or render it conclusive upon the parties or the court. That order only purported to charge the trust company with a particular item to be accounted for by it on final distribution. That such order is not a final one from which an appeal may be prosecuted there can be no question. It has been expressly so held by this court in the cases of Adkisson v. Dent, 88 Ky. 628; Paul v. Wetlauf, 24 Ky. L. R., 1480; McClure's Admr. v. Anchor Roller Mills, 30 Ky. L. R., 509, 99 S. W. R., 221; Vandever's Admr. v. Richart, 5 Ky. L. R., 582; Eubank v. Eubank, 7 Ky. L. R., 294; Skillman v. Frost, 4 Ky. L. R., 621; Salyer v. Arnett, 23 Ky. L. R., 321, and Wooley v. Louisville, 23 Ky. L. R., 100.

That no appeal may be prosecuted to this court, except from final orders, is too well settled to require reference to the cases, and should an appeal be prosecuted from an interlocutory order it would be promptly dismissed upon motion, or without motion, if the attention of the court should be directed to it. It is furthermore probable that such an appeal, while pending and undisposed of by the appellate court, would not suspend proceedings in the trial court or in any manner affect its authority to proceed with the case as though no appeal was pending. An altogether different result, however, follows the determination of the case on the appeal, and especially so if the judgment is affirmed. In that case the question as to the finality of the judgment appealed from becomes conclusive and the parties may not thereafter question the jurisdiction of the appellate court to entertain and dispose of the appeal, and undoubtedly so, after the expiration of the time for filing a petition for rehearing. This consequence, following the disposition of an appeal from an order which was not final, is sustained by the following opinions and texts, with none to the contrary so far

as we have been able to find: 4 Corpus Juris, 1104 and 1108; Freeman on Judgments, 4th Edition, section 249; 2 R. C. L., 227; Washington Bridge Co. v. Stewart (U. S. Supreme Court) 2 Howard, 413, 11 Lawyers' Edition, 658; Notes to Hastings v. Foxworthy, 34 L. R. A. 334; Grand Central Mining Co. v. Mammoth Mining Co., 36 Utah 364, 104 Pac. 573, 1912A American Annotated Cases; Clary v. Hoagland, 6 Cal. 85; Turner v. Anderson, 260 Mo. 1, 168 S. W. R. 943; Hungurford v. Cushing, 8 Wis. 327; Martin v. Macey, 14 Mont. 85, 35 Pac. 667, and Hall v. Rudd, 13 Ky. L. R. 205, (a Superior Court decision).

In the Washington Bridge Company case, from the United State Supreme Court, and in the Grand Central Mining Company case, the identical question here presented was involved and each of those courts held that after an appellate court had assumed jurisdiction from a non-appealable order (because it was not final), its opinion upon that appeal was conclusive upon the parties as to all questions necessarily determined, including jurisdictional ones, in a subsequent appeal from a final order in the same case. This general rule as applied by the courts and laid down by text writers is thus stated in R. C. L., referred to: "The decision of the prior appeal is conclusive on the second appeal both as to the jurisdiction of the trial court and as to that of the appellate court on the prior appeal. On the second appeal the decision of the appellate court, arising merely from its assuming jurisdiction of the appeal, is conslusive that the order appealed from was appealable and that the court had jurisdiction of the appeal; and, as has been said, to permit afterwards, upon an appeal from proceedings upon the mandate of the appellate court, a suggestion of the want of jurisdiction in the appellate court upon the first appeal, as a sufficient cause for re-examining the judgment, would certainly be a novelty in practice." Indeed it is difficult for us to see, in the light of the rule governing appellate practice, how an opposite view could be upheld. It is fundamental with us (a rule which universally prevails with appellate courts) that an opinion on appeal becomes the law of the case in subsequent trials and subsequent appeals, whether the first opinion was right or wrong, provided, the point involved was expressly or by necessary implication determined upon its merits upon the first appeal. Applying that rule to the instant case it was necessarily determined in the opinion in 186 Ky.

826, as well as in 180 Ky. 705, that the order confirming the commissioner's report of February 23, 1917, in which it was charged with $4,000.00 as the value of the brooch, was a final one, otherwise the last appeal would not have been entertained, and the first one would have adjudged that the order was final for purposes of a proceeding for a new trial. The exact question has not heretofore been determined by this court, but it was expressly determined in the case of Hall v. Rudd, *supra,* an opinion by Judge Barbour of our former Superior Court. From an interlocutory order referring the cause to the commissioner for an adjustment of accounts between the parties, as to rents and improvements, an appeal was prosecuted to this court which affirmed the judgment, and upon a subsequent appeal to the Superior Court the judgment of this court on the appeal was held to be *res adjudicata* and conclusive upon the rights of the parties, although the first appeal was from an order which was not final. We, therefore, with some reluctance (growing out of the peculiar hardships in this case), conclude that we are bound by the rule of practice as thus established, although its effect is to shut the door to the appealing knocks of justice. It is some consolation, however, for the injustice which is thus visited upon appellant, to remember that there was a time when it had its day in court and when it could have relieved itself of the unjust burden. In all countries with an enlightened jurisprudence there must necessarily be, and is, a formulated set of rules for the guidance of courts in the administration of justice, some of which look exclusively to the dispatch of business to the end that there shall be a final determination of litigation. Without them all disputes and controversies within the cognizance of courts would be forever unsettled, and rights of litigants would be in an interminable state of confusion; hence it is, that the principle of former adjudication has a fixed place in the law. Some court, somewhere, at some time must speak the final word, and we know of none in which the pronouncing of the ultimatum could be more safely reposed than the court of last resort, and when it has assumed jurisdiction and passed upon the merits of the case, and it has passed out of its control, the litigants must abide the result. However harsh the consequences, we can find no way by which we can set at naught the well settled principles of appellate procedure for the purpose of relieving appellant of an onerous situation which, to some extent at least, it has invited. It is better for the

stability of the practice that the fixed and settled rules governing court procedure should be adhered to rather than ignored in order to do justice in a particular case.

We are furthermore convinced that the court did not err in adjudging interest on the $4,000.00, as complained of in ground (2) urged against the judgment. The former opinions of this court, as we have seen, fixed indisputably the amount for which the administrator should be charged. Nothing back of that may be looked to by us in reviewing the error now under consideration. Those opinions also held that appellant was grossly negligent in not recovering the brooch, or its value, which could have been done as pointed out in those opinions. Our statute (section 3859) says: "A personal representative, after the expiration of two years from the time he qualified, shall be charged with interest on the surplus assets in his hands from that period, and before the expiration of two years shall be charged with all interest realized on assets." Construing that section, this court in the cases of Steele v. Louis, 32 Ky. L. R. 439, and Howe v. Winn, 150 Ky. 667, held that the administrator was not chargeable with interest on assets of the estate for two years after his qualification, except such as he actually or could have, by the exercise of ordinary care, realized, and that after that time he is *prima facie* chargeable with interest "and the burden is on him to show that by reason of circumstances beyond his control he was unable, in the exercise of ordinary care, to earn interest on the fund." (Howe case). In the Steele case the court said: "The statutes require administrators to be charged with interest after two years, on any balance remaining in their hands. There are cases in which administrators should not be charged with interest on such a balance, but the burden rests upon the administrator to show a state of fact to relieve himself from this charge." Other cases found in the notes to the section support those referred to. In this case, assuming that the administrator was rightfully charged with the $4,000.00 (as we have seen must be done), it has held that sum since February 23, 1917, the day when the commissioner's report charging it therewith was confirmed. The decedent died in April, 1914, and the appointment of appellant as her representative was made in November following. From the time of its appointment it knew of the existence of the brooch and of the contention made that it was an asset of the estate. It chose to take no action in the matter and, in the mean-

time interest was accumulating on claims against the estate, the largest one of which belonged to the administrator. The only act which has prevented the settlement of the estate and the payment of its creditors has been the fight made by appellant against being charged with the value of the brooch. But for its protracted litigation of that single issue the estate would long since have been settled and a considerable sum of accumulated interest on the claims would have ben saved. Under hte circumstances, in view of the statute and our opinions construing it, we see no room for questioning the judgment in the matter complained of. Moreover, the trial court in the judgment now under review charged appellant with interest on the $4,000.00 from May 23, 1917, being three months after the master commissioner's report fixing that amount of its liability was confirmed. Our former opinions in this case stamped that order, as we have seen, as a final one, and being so it would draw interest from the date of its rendition.

In disposing of ground (3) relied on for a reversal we find ourselves in the same embarrassed situation as confronted us in disposing of ground (1). It may be assumed that this court erred on the former appeal in awarding damages and directing their collection in its mandate, but its judgment in that respect can not be considered as void, but at most as only erroneous. Appellant could easily have corrected the judgment in this particular at any time within thirty days after the issual of the mandate and, perhaps, at any time during that term of court. It did not do so, and the trial court was directed to render a judgment for the ten per cent. damages. It had no other alternative but to obey the mandate of this court and its action in doing so is neither void nor erroneous. If, as insisted, the order directing damages made in this court on the former appeal was a clerical misprision it could not then be corrected on this appeal, since such errors must be corrected by the court on motion made in the particular case or appeal, in which the error was committed.

As before intimated, under the peculiar facts of this case, and the harsh results which the events following the judgment have created, we have been led to give to this appeal more research and study than is ordinarily done, in the hope that we might find some consistent way to relieve appellant from accounting for any more than the demonstrated value of the brooch; but we have been

unable to do so without making an exception to well settled rules of practice.

In the judgment appealed from there was left in the administrator's hands, after the payment of all claims, the sum of $363.57, which the court ordered to be distributed equally among the three children of the decedent. Appellee H. M. Stanley, one of the children, in his cross appeal complains of that action of the court and contends, as he did below, that that balance should be paid to him in partial settlement of attorney's fees heretofore paid by him in all of the litigation seeking to charge the administrator with the value of the brooch, as was finally done. The commissioner reported that appellee had paid $500.-00 individually to attorneys in prosecuting the litigation for the benefit of the estate, and that he should receive the balance of $363.57. The court declined to confirm the report in this particular and ordered the fund distributed as stated. In this we think the court erred. It is the settled practice, frequently upheld by this court, to allow a litigant attorney's fees in the settlement of estates when the services of the attorney benefited the estate by bringing funds into it, or in defeating claims against it. In conformity with that rule appellee should be paid the balance of the funds for which he contends, and which, as we have seen, only partially repays him for a reasonable attorney's fee.

Wherefore the judgment is affirmed on the original appeal, and reversed on the cross appeal to the extent indicated, with directions for the court to modify the judgment as herein directed.