## Cline, et al. v· Cline, et al.

(Decided December 7, 1923.)

## Appeal from Pike Circuit Court.

1. Appeal and Error—Court of Appeals May Enforce Mandates by Rule.—The Court of Appeals has power to enforce its mandates by rule against the judge of the trial court.

2. Appeal and Error—Mandates Enforced by Rule when Specific Direction Given Lower Court.—Enforcement by the Court of Appeals of its mandates by rule against the judge of the trial court will only take place when a specific direction is given the lower court in the mandate, and such procedure will not be employed so as to prevent the filing of proper amendments upon a return of the case, and the judgment of the lower court upon matters not involved on the appeal will not be controlled.

3. Appeal and Error—Authority of Trial Judge on Remand as to Facts Arising After Judgment Appealed from.—The trial court upon a remand of a cause is necessarily vested with a sound judicial discretion as to the mode and method of effectuating the general directions of the mandate and opinion even when they are based upon and arise from the facts existing at the time of the trial, and involve no subsequently arising one, and, if there are any such latter facts, it is the duty of the trial court to take cognizance of them and determine them upon their merits.

PICKLESIMER & STEELE for appellants.

ROSCOE VANOVER and STRATTON & STEPHENSON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Overruling motion for a rule against the special judge of the Pike circuit court.

In 1916 Martha Cline, an aged widow residing in Pike county Kentucky, executed certain deeds to five of her children whereby she conveyed to each of them separate parcels of land lying near the city of Pikeville. She also executed a deed to A. D. Cline, one of her sons, but he declined to accept it. She afterwards filed this equity action in the Pike circuit court against those who accepted their deeds seeking a cancellation of them on the ground that at the time they were executed she was mentally incapacitated to do so and that she was unduly influenced to execute them. After extensive preparation the court dismissed her petition, from which judgment she prayed an appeal to this court. Before the appeal was perfected she

died, and her son, the appellant, A. D. Cline, and two of her grandchildren, representing the interest of a deceased daughter, moved this court for a reviver and for the right to prosecute the appeal in their names. That motion was resisted in this court upon the ground that Mrs. Cline, after the judgment below and before her death, executed a writing whereby she agreed to abide by the judgment and to not prosecute the appeal. After that she executed other deeds to some of the defendants in the original action, and that fact was also relied on to defeat the reviver. A. D. Cline and others responded in this court to those objections, in which they averred the same incapacities of Mrs. Martha Cline to execute the deeds, as well as the agreement not to prosecute the appeal. The motion to revive was heard with the case on its merits, and in the opinion, reported in 198 Ky. 585, it was held that the matters pleaded in avoidance of the reviver were insufficient for that purpose, and on the merits of the case the deeds executed by Mrs. Cline in 1916 were held voidable upon the grounds alleged in her petition and the opinion contained this direction to the court below: "On the return of the case, judgment will be entered cancelling the four deeds in controversy. In the distribution of that part of Martha Cline's estate appellees will be credited with the expenditures made on the several lands conveyed to them and charged with a reasonable rent for the use of the lands. She conveyed certain lots to several of her children prior to 1916, on which they erected buildings, and the cancellation of these deeds will not affect the title of those children to the lots previously conveyed to them."

During the pendency of the appeal appellants, A. D. Cline and others, filed an independent action in the Pike circuit court to cancel the same writings relied on to defeat the reviver of the appeal in this court upon the same grounds as the deeds of 1916 were sought to be cancelled, and that cause was pending in the lower court when this court rendered its opinion. After the execution of those papers by Mrs. Cline, her children, who were the beneficiaries thereunder, sold portions of the land involved to various parties, who placed thereon valuable and costly improvements, all of which was done before this court delivered its opinion in the original appeal, reversing the judgment. Upon the filing of the mandate appellants, A. D. Cline and others, amended the original petition, in

which amendment they recited the various sales made by the defendants and their co-heirs and expressed a willingness to ratify them and to require the defendants to account to them in the settlement of the estate for the prices received. They also asked that the vendees of the defendants be made parties to the litigation and their titles quieted under the ratification, but they attacked the validity of the later agreements and the last deeds executed by Mrs. Cline upon the same ground upon which she attacked the deeds she executed in 1916. The answer to that amendment accepted the ratification of the sales, but denied the grounds attacking the agreements and the second deeds. It will thus be seen that the issues made by the amended petition and subsequent pleadings, after the filing of the mandate, were practically the same as those involved in the independent suit commenced after the original appeal was prosecuted and before its determination in this court.

The trial court, after the mandate was filed, entered an order cancelling the 1916 deeds, as directed by this court, but extended the order to five deeds instead of four, as directed in the opinion, which by oversight specified the number as four when in fact there were five. The court then entered an order consolidating the independent action with this one and continued it for preparation on the issues made, the chief one of which was the validity of the deeds, agreements and title bonds executed by Mrs. Cline after the rendition of the original judgment and while the appeal therefrom was pending. The court declined to refer the cause to the master commissioner to adjust the equities between the parties arising from the cancellation of the 1916 deeds, and this proceeding is a motion by appellants for a rule against Honorable R. B. Roberts, special judge of the Pike circuit court, to show cause why he did not enter a judgment in conformity to the opinion and mandate of this court.

That this court has the power to enforce its mandates by rule against the judge of the trial court seems to be well settled, as appears from the opinions in the case of Gorman v. Luckett, 6 B. Mon. 638; Watson v. Avery, 3 Bush 635; Smith v. Cochran, 7 Bush 548; May v. Ball, 24 Ky. L. R. 241, and Bradshaw v. Baker, 132 Ky. 66. But on an examination of the law relating to such practice, as contained in those and other cases, it will be found that the procedure will be adopted only when a specific direc-

tion is given to the lower court by this one and that it will not be employed so as to prevent the filing of proper amendments upon a return of the case, nor may the judgment of the lower court upon matters not involved on the appeal be controlled by any such proceeding, especially so if the new matter arose after the rendition of the judgment appealed from. The trial court upon a remand of the cause is necessarily vested with a sound judicial discretion as to the mode and method of effectuating the general directions of the mandate and opinion, even when they are based upon and arise from the facts existing at the time of the trial and involved no subsequently arising ones. If there are any such latter facts, necessarily the appellate court could not determine them because they could not get into the record for adjudication on their merits. In that case it would not only be the right but the duty of the trial court on remand to take cognizance of such facts, if properly presented, and determine them upon their merits, which could not be done in the first judgment because of their nonexistence at that time. In this case, as we have seen, an independent suit was filed by appellants during the pendency of the appeal and after rendering the first judgment, attacking the validity of all agreements, deeds and other writings executed by Mrs. Cline after she executed the 1916 deeds, and they sought substantially the same relief by the amendment to their petition after the filing of the mandate from this court. This court could not finally dispose of those matters on the motion to revive, and what is said thereon in the opinion must necessarily be construed as applicatble only to a disposition of that motion, and not as an effort to prejudge the merits of the transactions involved. The only specific direction contained in the opinion was the cancellation of the 1916 deeds involved and which the trial court on a return of the case did, but continued and left undisposed of the matters growing out of the subsequently arising facts which were presented, not only in the independent suit, but also by the amended petition, and we think it was the duty of the court to await the determination of those issues before entering a judgment fixing finally the rights of the parties; and, further, that in doing so no violation of the mandate of this court was committed. For a discussion of the power and authority of the trial court under similar conditions upon a reversal of the judgment and mandate filed, see the recent

case of Preece v. Woolford, 200 Ky. 604. In the May case, *supra*, in pronouncing a similar ruling under similar facts and same procedure, this court said: "New questions can not be brought up for review in this manner."

Wherefore, the rule is denied and the motion is dismissed.