## Cline, et al. v. Cline, et al.

(Decided June 25, 1926.)

### Appeal from Pike Circuit Court.

1.  Deeds—Deeds of Mother to Children, Ratifying Deeds Failing to Accomplish Intention to Divide Land Equally, Should be Canceled, Where Incapacity, Fraud, or Undue Influence, Existed.—Where deeds by grantor to her children did not effectuate her purpose to divide land equally among children and were canceled because grantor lacked capacity to make intended division, or had been misled, or was unduly influenced, her subsequent deeds, induced by same parties, ratifying former deeds, should be canceled, because executed under same influences.

2.  Executors and Administrators.—Where decedent conveyed land to some of her children, but deeds were ordered canceled, land embraced in such deeds that has not passed to innocent purchasers is part of decedent's estate.

3.  Descent and Distribution—Where Land Conveyed by Mother to Child by Deed Subsequently Ordered Canceled has Passed to Innocent Purchaser, it will be Treated as Advancement, and Interest will be Added from Date Made.—On distribution of estate among decedent's children, where decedent had conveyed land to some of her children by deeds subsequently ordered canceled, land embraced in such deeds that has passed to innocent purchasers will be treated as an advancement to child through whom it passed, on which interest will be added from date made.

4. Descent and Distribution—Where Deed by Mother to Child is: Ordered Canceled, he is Entitled to Credit for Expenditures' Thereon on Distribution of Mother's Estate.—On distribution of estate among decedent's children, where decedent had conveyed land to some of her children by deeds subsequently ordered canceled, such children should be credited with expenditures made by them on lands conveyed to them.

5. Descent and Distribution—Value of Advancement of Land is Computed as of Late When Conveyed.—Where land conveyed by mother to child is treated as advancement, its value is to be computed as of date when advancement was made.

6. Evidence—In Determining Value of Advancement Made in Land, Evidence of Subsequent Sales of Land Held Admissible.—In determining value of advancement made by conveyance of land, evidence of sales thereof subsequent to date of advancement is admissible to throw light on value when made.

7. Descent and Distribution.—Interest may be computed on advancements to equalize distributees.

8. Descent and Distribution—Interest on Advancement of Property, Given to Children to Make a Settlement in Life, is Computed from Decedent's Death.—On distribution of estate among decedent's children, property given by decedent to any of her children with a view to apportion or settlement in life is an advancement, and interest is computed thereon from decedent's death.

9. Descent and Distribution—Value of Decedent's Estate on Distribution is Sum of Advancements, with Interest, and Present Value of Decedent's Property, Real and Personal.—On distribution among decedent's children, sum of advancements made, with interest added, and present value of decedent's real and personal property, is value of the estate, and child receiving advancements should receive nothing further until others are equalized.

ROSCOE VANOVER and STRATTON & STEPHENSON for appellants.

PICKLESIMER & STEELE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

This is the third time this case has been before this court, and as many of the facts connected with this litigation are well stated in the former opinions, we shall not repeat them here, but shall refer the reader to 198 Ky. 585, 249 S. W. 348, and 201 Ky. 318, 256 S. W. 386.

Mrs. Cline had eight children, four boys and four girls. Of these, seven survived her. One of her children, Myra Cline Curnutte, died before her mother, and was survived by two children, Watt Curnutte and Perry Curnutte. It was the purpose of Mrs. Cline to divide her

property equally among these children, giving to each 1-8 thereof, and to Watt and Perry Curnutte the 1-8 that would have gone to their mother. The conduct of some of these children relative to this division is not commendable, and they gave their mother a great deal of trouble about the division.

In the first case that came to this court, we directed that the deeds which had been made to J. S. Cline, W. O. B. Cline, Jacob P. Cline and Maude Cline Yost should be set aside. These deeds which we ordered set aside will be referred to as the "deeds of 1916." Mrs. Roxie Cline Preston and Mrs. Ella Cline Richards had not then accepted the deeds made by their mother, else those would have been ordered set aside also. After they had been made and just before the death of Mrs. Cline, these same parties had induced her to execute to them other deeds which will be referred to as the deeds of 1920. These deeds amounted to nothing more than the ratification of the deeds of 1916.

After Mrs. Cline's death, one of her sons, A. D. Cline, who had never received anything, and the guardian of the Curnutte children brought a suit to settle her estate, alleging in this suit that many advancements had been made to her various children, and asking that the amounts of those advancements be fixed and determined, and her estate settled. Afterwards, this same son and these Curnutte children brought a third suit in which they sought to set aside the deeds of 1920. After the mandate in the first case had issued, the trial court entered an order in that case setting aside the deeds of 1916. For some reason, the trial court declined to refer the matter to a commissioner to determine the amount of advancements, and in the case reported in 201 Ky. 318, we were asked to issue a rule against the judge of the Pike circuit court requiring him to refer the case to a commissioner to determine these advancements, which we declined to do, for the reasons stated in that opinion. The three cases were then consolidated. The court improperly declined to set aside the deeds of 1920, and dismissed the original action in which the deeds of 1916 had been ordered cancelled, and entered a judgement adjudging that A. D. Cline and the Curnutte children were entitled to all of the property remaining undisposed of by Martha Cline at the time of her death, which the trial court estimated to be worth $28,000.00. From that judgment this appeal is

prosecuted. That judgment must be reversed for the reason that it amounts to undoing what this court did in the first case, and relative to the action of the trial court in upholding the deeds of 1920, we quote this from our opinion in the first case:

"On that point it is enough to say that the same influence that induced the execution of the deeds of 1916 could have been responsible for her acquiescence in the improvements and brought about the attempts at ratification in 1918 and 1920; and here again her alleged acts were wholly inconsistent with her known purpose to make an equal distribution of her estate, which fact of itself indicates that the later acts were not performed of her own free will."

"On the return of this case, the trial court will refer it to a commissioner with directions to take proof and ascertain the extent and value of the real and personal estate of Martha Cline remaining at her death. The land embraced in the 4 deeds ordered set aside that has not passed into the hands of innocent purchasers is a part of Mrs. Cline's estate. To the extent that it has it is to be treated as an advancement to the child through whom it so passed. The court will also direct its commissioner to take proof and report the present value of the real and personal property of Martha Cline and the value of all gifts, conveyances or advancements of real or personal property made by Mrs. Cline to any of her children, and as said in our opinion in the first case, these children should be credited with the expenditures made by them on the several lands conveyed to them. In arriving at these values the court will direct that the proof be taken and the estimates made relative to the value of these lands in 1916, or when the advancements were made. The court will permit evidence to be heard about what any of these lands have been sold for since 1916, not that such sales fix the value at all, but the evidence of these sales made after 1916 shall be admitted for the purpose of throwing light upon the value of these lands in 1916.

The advancements made by the deeds of 1916 we shall term "the extraordinary advancements" and any real or personal property theretofore given by her to any of her children with a view to apportion or settlement in life we shall term "the ordinary advancements." The

court will add to the extraordinary advancements interest from the date made to the date of its judgment. Interest may be computed for the purpose of equalizing distributees.

See Royce v. Royce, 17 Ky. L. R. 1403, 34 S. W. 1068. The court will add to the ordinary advancements interest from the date of the death of Martha Cline to the date of its judgment. The sum of each child's advancements with the interest so added shall be treated as what each child has received. The sum of these several advancements, with interest added, and the present value of the real and personal property of Martha Cline is the value of her estate, and in making distribution, the children who have received advancements shall receive nothing further until the other heirs are made equal with them.

The judgment is reversed.