## Cline et al. v. Stratton et al.

(Decided March 25, 1930.)

A. F. CHILDERS and W. K. STEELE for appellants.

P. B. STRATTON and E. D. STEPHENSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Martha Cline, who owned a large farm in and adjoining the city of Pikeville, had seven children and two grandchildren, Watt and Perry Curnutte, the children of a deceased daughter, Myra Curnutte. With the view of dividing her estate, she executed in the year 1916 deeds conveying to her seven children parts of her farm. The interest intended for her two grandchildren was conveyed to J. S. Cline for the sum of $1,500, which was deposited in the First National Bank of Pikeville. The children, J. S. Cline, W. O. B. Cline, Jacob P. Cline, and Maud Cline Yost, accepted their deeds, but the deeds executed to A. D. Cline, Ella Cline Richards. and Roxie Cline Preston were not accepted. Shortly after the execution of the deeds, Martha Cline brought suit against the children who had accepted their deeds to have the deeds canceled on the ground of mental incapacity. On final hearing the lower court dismissed the petition, but, on appeal after the action had been revived in the name of A. D. Cline, Perry Curnutte, and Watt Curnutte, the judgment was reversed, with directions to cancel the deeds. Cline et al. v. Cline et al., 198 Ky. 585, 249 S. W. 348.

After the trial in the lower court, Martha Cline executed to J. S. Cline, W. O. B. Cline, Jacob P. Cline, and Maud Cline Yost quitclaim deeds for the land theretofore conveyed to them. Another suit was then filed by A. D. Cline, Perry, and Watt Curnutte against the grantees for cancellation of the quitclaim deeds of 1920. This suit was consolidated with the original suit to set aside the first deeds. Again the court denied the relief prayed for, but on appeal we held the quitclaim deeds invalid and reversed the judgment. Cline et al. v. Cline et al.,

215 Ky. 492, 284 S. W. 1110, 1111. In remanding the case we said:

"On the return of this case, the trial court will refer it to a commissioner, with directions to take proof and ascertain the extent and value of the real and personal estate of Martha Cline remaining at her death. The land embraced in the four deeds ordered set aside that has not passed into the hands of innocent purchasers is a part of Mrs. Cline's estate; to the extent that it has, it is to be treated as an advancement to the child through whom it so passed. The court will also direct its commissioner to take proof and report the present value of the real and personal property of Martha Cline and the value of all gifts, conveyances, or advancements of real or personal property made by Mrs. Cline to any of her children, and, as said in our opinion in the first case, these children should be credited with the expenditures made by them on the several lands conveyed to them. In arriving at these values, the court will direct that the proof be taken and the estimates made relative to the value of these lands in 1916, or when the advancements were made. The court will permit evidence to be heard about what any of these lands have been sold for since 1916, not that such sales fix the value at all, but the evidence of these sales made after 1916 shall be admitted for the purpose of throwing light upon the value of these lands in 1916.

"The advancements made by the deeds of 1916 we shall term 'the extraordinary advancements' and any real or personal property theretofore given by her to any of her children with a view to a portion or settlement in life we shall term 'the ordinary advancements.' The court will add to the extraordinary advancements interest from the date made to the date of its judgment. Interest may be computed for the purpose of equalizing distributees. See Royse v. Royse, 34 S. W. 1068, 17 Ky. Law Rep. 1403. The court will add to the ordinary advancements interest from the date of the death of Martha Cline to the date of its judgment. The sum of each child's advancements, with the interest so added, shall be treated as what each child has received.

The sum of these several advancements, with interest added, and the present value of the real and personal property of Martha Cline, is the value of her estate, and, in making distribution, the children who have received advancements shall receive nothing further until the other heirs are made equal with them.''

Prior to the last appeal, A. D. Cline and the guardian of the Curnutte children had brought suit against J. B. Cline, administrator of the estate of Martha Cline, J. P. Cline, Roxie Cline Preston, Ella Cline Richards, Maud Cline Yost, and J. S. Cline, for an adjustment of advancements, and a settlement of Martha Cline's estate, and this suit had been consolidated with the suit to set aside the deeds of 1916 and the suit to set aside the deeds of 1920.

On the return of the case, the case of A. D. Cline et al. v. J. S. Cline et al., to settle the estate of Martha Cline, was referred to the master commissioner for settlement, and for proceedings in accordance with the mandate of this court. After a long hearing, the commissioner fixed the value of the ordinary and extraordinary advancements to the children. He also fixed the value of improvements, taxes paid, etc., by Jacob P. Cline, W. O. B. Cline, Maud Cline Yost, and J. S. Cline, after crediting them with certain rents as follows:

| | |
|---|---:|
| "Jacob P. Cline | $ 9,642.00 |
| W. O. B. Cline | 10,197.60 |
| Maud Cline Yost | 21,801.98 |
| J. S. Cline | 23,782.10 |

The foregoing claims aggregated the sum of $65,423.68. The whole estate of Martha Cline was valued at $69,000. This estimate, however, includes $16,000 worth of property conveyed to Roxie Preston and Ella Cline Richards by deeds that were not contested. Exceptions were filed to the report by A. D. Cline, Watt Curnutte, and Perry Curnutte on several grounds. Later on, the court came to the conclusion that it was impracticable to settle the case in conformity to the specific directions of the Court of Appeals, and ordered the case referred to A. E. Auxier, special commissioner for further purposes. Later on, the special commissioner filed a report merely setting forth the claims of Jacob P. Cline, W. O.

B. Cline, Maud Cline Yost, and J. S. Cline against the estate of Martha Cline. To this report A. D. Cline and others through their attorneys also filed numerous exceptions. When motion was made to have the case heard, the motion was resisted by W. O. B. Cline and others. Finally the case was adjusted and settled by an agreed judgment. After that was done, P. B. Stratton and E. D. Stephenson, of the law firm of Stratton & Stephenson, attorneys for A. D. Cline, Watt Curnutte, and Perry Curnutte, were allowed a fee of $3,000, which was taxed as part of the costs and ordered to be paid, one-sixth by Watt and Perry Curnutte, one-sixth by J. S. Cline, one-sixth by W. O. B. Cline, one-sixth by J. P. Cline, one-sixth by Maud Cline Yost. From that judgment J. S. Cline, Maud Cline Yost, W. O. B. Cline, and Jacob P. Cline have appealed, and have made P. B. Stratton and E. D. Stephenson parties appellee.

This is not a case where each of the parties had employed an attorney and only a question of advancements was involved. Bailey v. Barclay, 109 Ky. 636, 60 S. W. 377, 22 Ky. Law Rep. 1244. Nor is it merely a case where appellants were involved in litigation in opposition to their known wishes. Thirlwell's Adm'r v. Campbell, 11 Bush, 163. Nor is it a case where appellants were represented by attorneys who were seeking the same end sought in the settlement suit. Taylor v. Taylor, 223 Ky. 799, 4 S. W. (2d) 752. On the contrary, the facts are these: Through their fault alone appellants had brought about a situation that necessitated the services performed by counsel for appellees. They were asserting against the estate large claims for improvements. They were not seeking a settlement of the estate, but their chief, if not sole, concern was the establishment of these claims. The attorneys whom they had employed did not seek to defeat or diminish the claims, but employed their best efforts to uphold the claims. Their services were against the estate and not for it. Had it not been for the services rendered by counsel for appellees, the claim would have been allowed. In suits for settlement of estates, fees may be allowed counsel not only for services in bringing funds into the estate but for services in defeating claims against the estate, Farmers' Bank & Trust Co. v. Stanley, 190 Ky. 762, 228 S. W. 691; Oster's Ex'r v. Ohlman, 187 Ky. 341, 219 S. W. 187, and it is immaterial, we think, whether these claims be

asserted by strangers or those interested in the estate. Having successfully resisted the claims asserted by appellants, it results that the services of the attorneys operated to the benefit of the entire estate, and the chancellor did not err in awarding them a fee payable out of the estate. Taylor v. Taylor, supra.

Judgment affirmed.