## Autry v. Autry.

(Decided March 18, 1921.)

### Appeal from Warren Circuit Court.

Appeal and Error—Final Order—Dismissal.—No appeal lies to the Court of Appeals from any order of the trial court which is not a final one, and an order either sustaining or overruling a demurrer to a pleading not followed by another one permanently adjudicating the rights of the parties and disposing of the cause, is not a final order for the purposes of an appeal and the Court of Appeals will dismiss one prosecuted from such interlocutory order, upon motion made for that purpose, or upon its own motion upon discovery of the fact.

W. O. RODES and GEORGE H. GALLOWAY for appellant.

BRADBURN & HARLIN for appellee.

Opinion of the Court by Judge Thomas—Dismissing the appeal.

The appellant and plaintiff below, Golden Autry, filed this suit on July 28, 1919, in the Warren circuit court against the appellee and defendant below, Robert L. Autry, seeking a divorce from him, and judgment for alimony against him, and the custody of their two infant children upon the statutory ground of cruel and inhuman treatment, and she alleged facts which, if true, would entitle her to the custody of the children. She afterwards amended her petition and relied on the additional ground of one year's abandonment of her by her husband without her fault. Defendant first filed a plea in abatement relying upon the pendency of a former suit between the same parties for the same relief, and without waiving it he filed answer denying the allegations of the petition and pleaded a separation agreement entered into by and between himself and plaintiff whereby the property rights as well as the custody of the children were agreed to and settled between them. The plea in abatement alleged that the prior suit therein relied on was filed on March 3, 1919, and that evidence was taken and the cause submitted, and on June 14 thereafter the court dismissed that action without prejudice, from which order plaintiff prayed and was granted an appeal to this court. The reply to that plea admitted the filing of the prior suit, its preparation and submission and the dismissal of it by the court without prejudice, but alleged that the subject matter of the two suits were not the same, since the last one relied upon the ground of one year's abandonment which was not contained in the first one, and further alleged that the appeal prayed and granted from the order dismissing the first suit had not been perfected and had been abandoned. Other paragraphs of the reply responded to the affirmative averments of the answer. Defendant filed a demurrer to the reply and to each paragraph thereof and the court in disposing of it entered this order:

"The demurrer filed by defendant to plaintiff's reply herein having been considered by the court, after having heard the argument of counsel, it is ordered and adjudged by the court, that the same be sustained to said reply, to which ruling of the court the plaintiff excepts, and elects and relies to stand upon her petition and reply

herein, and to this end prays an appeal to the court of appeals which is granted.''

The sole relief asked on this appeal is a reversal of the action of the court in entering that order.

Among the essentials necessary to confer appellate jurisdiction on this court is that the order appealed from shall be a final one. Civil Code, section 368; Kentucky Statutes, section 950; Helm v. Short, 7 Bush 623; Turner v. Browder, 18 B. M. 825; Harrison v. Lebanon Water Works, 91 Ky. 255; Bondurant v. Apperson, 4 Met. 30; Hanson v. Bowger, 4 *idem.* 108; Chorn v. Chorn, 98 Ky. 627; Christian v. Chess-Wymond Co., 102 Ky. 230; Bank v. Allen, 8 Ky. L. R. 36; Harding v. Harding, 145 Ky. 315 and cases cited below. Those cases hold ''that a judgment to be final must not merely decide that one of the parties is entitled to relief of a final character, but must give that relief of its own force or be enforcible for that purpose without further action by the court or by process of contempt,'' and that they must be such as ''at once put an end to the action by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for;'' and furthermore, that the order to be final must ''operate to divest some right in such manner as to put it out of the power of the court making the order, after the expiration of the term, to place the parties in their original position.''

Within this rule it is now well settled by a number of opinions of this court that an order merely sustaining or overruling a demurrer to a pleading, without being followed with the granting of other final relief, is not such a final one as will authorize an appeal. Harrison v. Stroud, 150 Ky. 797; Rodes v. Yates, 151 Ky. 162; Wash v. Noel, 154 Ky. 824, and Stockholders of First State Bank v. First State Bank's Receiver, 159 Ky. 484. These cases and others correctly hold that an order sustaining or overruling a demurrer filed to a pleading is merely interlocutory and subject to revision by the court at any time before a final disposition of the cause.

The only case in this state even apparently in conflict with all of the others (both prior and subsequent) is that of Zable v. Louisville Baptist Orphans' Home, 92 Ky. 89. There a demurrer, filed to one paragraph in the answer of the appellant, was overruled and the plaintiff declined to plead further; but the record did not show that the suit was dismissed as to the defendant who filed that

answer. In taking jurisdiction of the appeal prosecuted from that order, this court, after stating that the parties as well as the trial court had treated the order as a final one and had conducted subsequent proceedings in the cause in a manner giving final effect to it, said: ''With some hesitation we shall treat this as a final judgment as to the appellant and therefore consider the appeal. The court evidently so intended it; the parties so regarded it, and have so treated it in argument in this court.'' That case without the qualifying facts mentioned in the opinion is absolutely out of line with all cases from this court, both preceding and succeeding it, as well as out of line with opinions from all other courts and statements of text writers. Whether, with the qualifications therein expressed, it is sound we are not called upon to determine here, since there were no subsequent proceedings in this case after the entry of the order appealed from. Whatever effect is to be given to the Zable opinion we feel ourselves compelled to follow the rule as consistently adhered to by this court in all subsequent cases, and the one likewise adhered to by courts of other jurisdictions.

In the very recent case of Farmers Bank & Trust Co., Admr., etc., v. Stanley, 190 Ky. 762, it was held that an appeal from an interlocutory order will be dismissed on motion made for that purpose, or by the court on its own motion upon discovery of the interlocutory nature of the order appealed from.

Of course the dismissal of this appeal will not affect a subsequent one prosecuted from a final order made in the case, nor will the dismissal affect in any manner any question relating to the merits.

Under the condition of this record, the authorities, supra, specifically point out the only course open to us, which is to dismiss the appeal, and it is so ordered.