## Kramer et al. v. Kramer et al.

Jan. 24, 1939.

W. G. HARGIS for appellants.

BERT J. KING and HELM WOODWARD for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Dismissing Appeal.

Appellants, William Kramer and Daisy Kramer, guardian of William, Margaret and Katherine Kramer, are appealing from the following order:

"This cause being submitted upon the exceptions filed to the Commissioner's report on reference and the Court being sufficiently advised, hereby overrules set (said) exceptions to this ruling the defendant and plaintiff object and except, and prays an appeal to the Court of appeals, which is granted."

The order appealed from is not a final order in the cause from which an appeal may be prayed to this court. Farmers' Bank & Trust Company v. Stanley, 190 Ky. 762, 228 S. W. 691; Autry v. Autry, 191 Ky. 42, 229 S. W. 79.

On December 30, 1937, a special commissioner previously appointed by the county court filed a report concerning exceptions to the report which had been filed by Robert H. Kramer as guardian, in which he found that there was due William Kramer $321.94, Margaret Kramer $375.81 and Katherine Kramer $416.11. In an order bearing date of January 11, 1938, the judge of the county court removed Robert H. Kramer as guardian and appointed Daisy Kramer in his stead, and directed that he pay the wards the amounts set out in the report of the special commissioner bearing date of December 30, 1937. On March 8, 1938, Robert H. Kramer appealed to the Kenton circuit court from the Kenton county court order of January 11, 1938. In the meantime appellants had filed an action in the Kenton circuit court, January 26, 1938, against William H. Kramer, guardian, and his surety, American Surety Company of New York, wherein William sought to recover $321.94, Margaret $332 and Katherine $367.52. On April 18, 1938, the court entered an order consolidating the action filed by appellants and the appeal of Robert H. Kramer, guardian, from the county court order of January 11, 1938. The cause was then referred to the master commissioner. We have noted that appellants are appealing from the order of the trial judge overruling the exceptions to the report of the commissioner.

Appellees moved this Court on December 31, 1938, to dismiss the appeal for the reason that the circuit court did not have jurisdiction to grant an appeal because the claim of each appellant is less than $500. If the order of the trial court had been one from which an appeal could be prayed in this court, this motion would be sustained, and the appeal would be dismissed for this reason, as well as for the reason heretofore noted. The

506

trial court is without jurisdiction to grant an appeal where the amount in controversy is as much as $200 but less than $500. Section 950-3 of the Statutes provides the manner in which appeals from judgments involving such amounts may be granted by this Court. Where several plaintiffs have claims or distinct interests, as is true in the case at bar, these claims and interests can not be added together to give the trial court jurisdiction to grant an appeal to this Court. Louisville & Nashville Railroad Company v. Greenbrier Distillery Company, 170 Ky. 775, 187 S. W. 296; Wallins Creek Collieries Company v. Marshall, 217 Ky. 647, 290 S. W. 519; Ford v. Consolidated Grocery Company, 229 Ky. 510, 17 S. W. (2d) 448; Kitchen Lumber Company v. Moses, 242 Ky. 505, 46 S. W. (2d) 791; Central Wholesale Company v. Yaden, 261 Ky. 703, 88 S. W. (2d) 693.

Wherefore, for the reasons given herein, the appeal is dismissed.