## Angel v. Brown et al.

May 30, 1950.

S. M. Ward, Judge.

136

Courtney C. Wells for appellant.

Fred K. Cope for appellees.

JUDGE KNIGHT—Reversing.

On January 20, 1948, a Referee of the Workmen's Compensation Board recommended an award to appellant of $15 per week for 500 weeks, or a total of $7,500, against appellees Bill Brown and Corbett Brown, doing business as Brown Brothers, for injuries he had sustained on May 10, 1946, while employed in construction work allegedly for appellees. This award was affirmed on full Board review on May 18, 1948. Brown Brothers

took no appeal from that order but on June 14, 1948, appellant filed in the Perry Circuit Court a certified copy of the award and asked for judgment on the award against Bill Brown and Corbett Brown, doing business as Brown Brothers. When Corbett Brown was served with notice of this motion for judgment, he filed a response denying that he was a partner of Bill Brown on the contract in the erection of the building in which appellant received his injuries and denying any liability under the award of the Compensation Board, claiming he was never a party to the proceedings before that Board and that no summons had been served on him by the Board. A reply denying the allegations contained in Corbett Brown's response and in addition pleading estoppel made up the issue on this phase of the case. Testimony on the issue involved was heard in open court and in addition the evidence of William Brown taken before the Referee of the Board was considered by the court and upon this evidence the lower court entered judgment for the amount of the award against Bill Brown but denied as to Corbett Brown, the court being of the opinion that the latter was not a party to the contract and construction job in which appellant received his injuries. It is from that part of the judgment relieving Corbett Brown of liability that this appeal is prosecuted.

It is shown by the evidence that Bill Brown and Corbett Brown had been partners in the building and construction business for fifteen or twenty years. The contract for the erection of the building where appellant received his injuries was in the name of Brown Brothers, although it was signed only by Bill Brown for the partnership. The indemnity policy covering the operation in whch they were engaged was issued in the name of "Corbett Brown and William Brown, jointly and not severally, a co-partnership d/b/a Brown Brothers." The original Form 11 filed with the Workmen's Compensation Board by appellant seeking the adjustment of his claim was against Bill Brown and Corbett Brown, doing business as Brown Brothers and, while the record does not show just how notice of the claim was served, we will assume that it was served on Bill Brown only, one of the partners doing business as Brown Brothers, since Corbett Brown testified that he was not served nor did he personally receive any notice of the filing of the claim.

To this claim a response was filed captioned, "Answer to plaintiff's application for adjustment of compensation claim and response to intervening petition of Bituminous Casualty Corporation." That answer begins with these words, "Comes now the defendants William Brown and Corbett Brown and for their answer to the application for adjustment of claim filed by plaintiff Edward Angel * * *." This answer is signed by Don A. Ward, "Attorney for defendants William and Corbett Brown." The case then proceeded through the usual steps before the Workmen's Compensation Board under the names of Bill Brown and Corbett Brown doing business as Brown Brothers. This included efforts by the Bituminous Casualty Corporation to escape liability on its policy on the ground that the particular operation in which appellant was engaged at the time of his injury, was not covered by its policy, which question is not involved in the present appeal. On July 10, 1948, a motion for an oral argument before a Referee was filed with the Board at Frankfort. The argument sought was on the question of determining the liability of the Bituminous Casualty Corporation for the payment of the award to appellant. This motion was signed by "Don A. Ward, Attorney for William Brown and Corbett Brown." At some of the hearings Corbett Brown was apparently represented by other counsel. On the transcript of testimony taken before a Referee on July 23, 1948, involving principally the question of the liability of the insurance carrier, among the appearances noted was that of Fred K. Cope, attorney for Corbett Brown, and, in the opinion on that question by another Referee, the same appearances are noted In that hearing Corbett Brown testified as if on cross-examination on some of the technical features of the construction work involved on the job covered by the policy. The opinion and award of the Referee refers throughout to Bill Brown and Corbett Brown doing business as Brown Brothers and the award is against them, as such, as is final award on the full Board review.

In the light of this documentary evidence we think it cannot be said that appellee Corbett Brown was not before the Workmen's Compensation Board or that he did not have actual notice of the proceedings which might ultimately fix liability against him in spite of his testimony that he did not sign the contract under

which the building was erected. We think under the circumstances of this case he is estopped to deny the partnership even though he testified that he was not a partner in this particular operation. Furthermore, he was contradicted in this by Bill Brown who testified positively that Corbett Brown was a partner in this operation. Bill and Corbett had been partners in many operations and, so far as this record shows, Corbett took no steps to acquaint the public with any dissolution of the partnership, did not raise the question before the Board and did not appeal from the final award which fixed liability on both members of the partnership. We are of the opinion that the lower court erred in denying appellant's motion for a judgment against Corbett Brown. The judgment should have gone against Bill Brown and Corbett Brown doing business as Brown Brothers.

After this case was brought here on appeal, appellee, Corbett Brown, filed in this court a motion to dismiss the appeal on several grounds and this motion was passed to the merits. The principal one of these grounds, and the only one which we deem worthy of consideration, is that by judgment of the lower court it was adjudged that the insurance carrier, Bituminous Casualty Corporation, is liable for, and should pay, the judgment awarded appellant, and that appellant will be entitled to executions from time to time to enforce and collect due payments. It is the contention of Corbett Brown that since appellant is assured of collecting his judgment by virtue of the judgment against the insurance carrier, the case has become a moot one. We do not agree with this contention since appellant is entitled to have his judgment go against all who may be liable which includes, as we hold here, Corbett Brown. If the Bituminous Casualty Corporation continues solvent and makes these payments, Corbett Brown will never have to pay, but appellant is entitled to the additional security of a judgment against all parties liable.

Wherefore the motion to dismiss the appeal is overruled and the judgment is reversed with directions to enter judgment against Corbett Brown.