## MASSEY v. FISCHER.

Court of Appeals of Kentucky.
Nov. 16, 1951.

William O. Ware and Ware & Ware, all of Covington, for appellant.

Eugene C. Benzinger, E. H. Henry, and Bert J. King, all of Covington, for appellee.

MOREMEN, Justice.

Appellant, Prudie Massey, was the successful bidder at a sale held by a master commissioner. Thereafter she filed excep-

tions to the judgment and order of sale and to the report of sale in which she specifically assigned a number of reasons that she believed sufficient to cause the sale to be set aside and the sale bonds cancelled. The court caused the following order to be entered:

"This cause being now submitted on the exceptions to the Report of Sale herein filed by purchaser, Prudie Massey, and the court being sufficiently advised,

"It Is Now Ordered and Adjudged that said exceptions be and the same are hereby overruled, to all of which the purchaser, Prudie Massey, objects and excepts and prays an appeal to the Court of Appeals which is granted."

■ We have held in many cases that no appeal may be had to this court where the record contains no final order and, in the case of Farmers Bank & Trust Co. v. Stanley, 190 Ky. 762, 228 S.W. 691, 692, said: "That no appeal may be prosecuted to this court, except from final orders, is too well settled to require reference to the cases, and, should an appeal be prosecuted from an interlocutory order, it would be promptly dismissed upon motion, or without motion, if the attention of the court should be directed to it."

■ We have defined a final order or judgment from which an appeal lies as being one which either terminates the action itself or operates to vest some right in such a manner as to put it out of the power of the court making the order to place the parties in their original condition after the expiration of the term. Searcy v. Three Point Gold Co., 280 Ky. 683, 134 S.W.2d 228; Faulkner v. Faulkner, 270 Ky. 693, 110 S.W.2d 465.

In the case of Kramer v. Kramer, 276 Ky. 504, 124 S.W.2d 744, we held that an order which overruled exceptions to a commissioner's report and granted an appeal to this court was not a "final order" from which an appeal would lie.

■ It will be noted that the order above set forth fails to confirm the sale. The final act which consummates a decretal sale has not been performed.

■ It is with reluctance that we remand this case on this rather technical ground but in matters concerning title to real estate, it is best to place the condition of the title and the record title beyond even the threat of a future law suit involving a possible defect.

Appeal is dismissed.