**TRAVELERS INSURANCE COMPANY,**
Appellant,

v.

**Franklin Eugene COLE, Elijah Messer, DBA Messer Trucking Company, et al.,**
Appellees.

**TRAVELERS INSURANCE COMPANY,**
Appellant,

v.

**Franklin Eugene COLE, Appellee.**

Court of Appeals of Kentucky.

June 24, 1960.

Lay & Knuckles, Pineville, for appellant.

H. M. Tye, Lowell Lundy, Barbourville, for appellees.

WILLIAMS, Judge.

Franklin E. Cole was injured while in the employ of Messer Trucking Company. He filed claim for benefits with the Workmen's Compensation Board, wherein Messer Trucking Company was named defendant and Travelers Insurance Company was listed as insurance carrier for the defendant. Travelers Insurance Company filed a special answer denying liability. The Board entered an award allowing Cole's claim against Messer Trucking Company. No further action was taken by any party until time for appeal from the award had elapsed. Cole then moved the Knox Circuit Court to enforce the award. The court entered an order allowing recovery of workmen's compensation benefits from defendant Messer Trucking Company and from Travelers Insurance Company. Travelers Insurance Company has appealed from that order.

■ Although other issues are raised, we are immediately confronted with the question of the court's authority to render judgment against Travelers Insurance Company. An action such as this is initiated by filing a copy of the Workmen's Compensation Board award, in accordance with which

the court renders its judgment. KRS 342.305. The court's authority is limited to enforcement of the award which may not be extended or modified in any manner. Stearns Coal & Lumber Company v. Roberts, 293 Ky. 75, 168 S.W.2d 573. Even if erroneous, the circuit court has no option except to enforce the award as made. Harlan-Wallins Coal Corporation v. Hensley, 237 Ky. 310, 35 S.W.2d 333. Judgment may not be rendered against a person not named in the award. Parrigen v. Long, 145 Va. 637, 134 S.E. 562. In Angel v. Brown, 313 Ky. 135, 230 S.W.2d 623, it was said that judgment entered pursuant to KRS 342.305 could go against all persons who may be liable. That is true, however, only if such persons were named as parties in the award.

■ Here the Workmen's Compensation Board award went solely against Messer Trucking Company. Travelers Insurance Company was not mentioned therein; consequently, the Knox Circuit Court had no authority to enter judgment against that Company.

The judgment against appellant, Travelers Insurance Company, is reversed.