Erica Wever **FRUCHTENICHT**, Appellant,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee.

Erica Wever **FRUCHTENICHT**, Appellant,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee.

Court of Appeals of Kentucky.

Dec. 12, 1969.

Rehearing Denied April 24, 1970.

**836**

H. Solomon Horen, Josephine P. Hughett, Louisville, for appellant, John Frith Stewart, Louisville, of counsel.

C. Dant Kearns, Stites & McElwain, Louisville, for appellee.

CULLEN, Commissioner.

In issue in this case is the judicial enforcibility, against the employer's insurance carrier, of a workmen's compensation award entered against the employer alone.

Appellant Erica Wever Fruchtenicht obtained a workmen's compensation award for total permanent disability against her employer, General Industries of Kentucky, Inc. The award called for payments of $27.30 per week for a period of 425 weeks. The required payments were made weekly by the employer's insurance carrier, United States Fidelity & Guaranty Company, up until about two months after the date of the award, when the payments were discontinued. Thereafter no further payments were made by the insurance carrier or by the employer (apparently the employer became defunct).

After waiting several years Erica brought suit in the circuit court naming General Industries and U. S. F. & G. as defendants. She sought a judgment against them awarding her recovery for the amount of past due payments of compensation and imposing liability on the defendants for the future payments coming due under the award. Summons was served on U. S. F. & G. but there was no service on General Industries. U. S. F. & G. moved to dismiss on the ground that the circuit court had no authority to enter a judgment against U. S. F. & G. until an *award* had been made against U. S. F. & G. by the Workmen's Compensation Board. The court sustained the motion and entered judgment dismissing the action as to U. S. F. & G. The judgment made no disposition of the claim asserted in the complaint against General Industries (which had not been served with process), and did not contain recitations of finality in accordance with CR 54.02. Nevertheless, Erica undertook to appeal from that judgment, naming U. S. F. & G. as appellee.

U. S. F. & G. moved in this court to dismiss the appeal on the ground that Erica had not promptly filed a designation of record. Directly thereafter Erica moved to abate the appeal pending disposition in the trial court of a motion she had filed there, under CR 60.02, to set aside the judgment. Her motion to abate was sustained. Subsequently the trial court entered an order

overruling the CR 60.02 motion, and in the same order made a recitation, in accordance with CR 54.02, that the original judgment was final and there was no just reason for delay. Erica then moved this court to "abate" her original appeal and remand the case to the circuit court for the reason that the original appeal was premature. No ruling was made on that motion. U. S. F. & G. thereafter renewed its motion to dismiss the appeal for failure promptly to designate the record. In the meantime Erica had taken an appeal from the order which overruled her CR 60.02 motion and which recited the finality of the original judgment. Subsequently U. S. F. & G. moved to dismiss both the latter appeal and the former appeal on the ground that the appellant had not timely filed her brief. The latter motion, and the renewed previous motion to dismiss the first appeal because of lack of promptness in designating the record, were passed to the merits. We now shall rule on the question of whether either or both of the appeals should be dismissed.

■ First we consider the original appeal. No. F–165–68. The judgment attempted to be appealed from was not a final judgment, because it did not dispose of the claim asserted against General Industries and it did not contain the recitations required by CR 54.02. Accordingly, we are dismissing that appeal on our own motion. See Massey v. Fischer, Ky., 243 S.W. 2d 889.

■ When the trial court, in its order overruling appellant's CR 60.02 motion, made the recitations that the original judgment was final and there was no reason for delay, the original judgment became final as of the date of that order, see O'Nan v. Broadus, Ky., 316 S.W.2d 220, and an appeal then could be taken from the judgment. Although the notice of appeal filed by appellant, after the entry of the order above referred to, was inept in expression and confusing as to purpose, we are treating it as the taking of an appeal from the final-

ized original judgment as well as from the order overruling the CR 60.02 motion. The designation of record accompanying the notice of appeal and the subsequent course of action of the appellant indicate the intent to appeal from the finalized judgment. So on appeal No. W–97–69 we have an appeal from the original, finalized judgment and an appeal from the order overruling the CR 60.02 motion. The appellee's motion to dismiss appeal No. W–97–69, on the ground that the appellant's brief was not timely filed, is without merit because the time for filing brief was suspended during the pendency of the motions to dismiss. See RCA 1.230.

■ On appeal No. W–97–69 we are affirming the order which overruled the CR 60.02 motion because no valid ground was asserted in the motion and the appellant does not maintain otherwise in her brief here.

This brings us to the merits of the appeal from the judgment which dismissed the claim against U. S. F. & G.

The circuit court construed this action as a proceeding under KRS 342.305. We do not so construe it.

KRS 342.305 provides a *summary, ex parte* procedure for obtaining a judgment on a workmen's compensation award. The only *notice* called for is a notice given by the *court* after the judgment is entered. The only thing filed with the court is a certified copy of the award. Obviously, the circuit court would have no basis on which to enter judgment against an insurer not named in the award, because the court would have no information from the award documents even as to who was the insurer.

In Travelers Insurance Company v. Cole, Ky., 336 S.W.2d 583, relied on by the circuit court, the compensation awardee had filed his award with the circuit court and the court had entered judgment both against the employer, who was named in the award, and the latter's insurance carrier, who was

not named in the award. The judgment was obtained summarily and ex parte, without previous notice to the insurer. The latter, upon learning of the judgment, brought *an action to set aside the judgment*. This court properly held that the statute did not authorize the entry of a summary, ex parte judgment against someone not named in the award.

 There is nothing in the Cole case, however, nor in KRS 342.305, nor elsewhere in the workmen's compensation statutes, to suggest that a workman who has obtained a compensation award against his employer alone cannot bring *a regular action at law, on regular process,* against the employer's insurance carrier to obtain judgment establishing the carrier's liability. We find nothing in the workmen's compensation statutes that requires the insurance carrier to be made a party before the Workmen's Compensation Board, and to be held liable in an award, as a condition precedent to recovery of a judgment establishing the carrier's liability. On the contrary, KRS 342.360 expressly states that the insurer "shall in all things be bound by and subject to the awards, judgments or decrees rendered against the insured." Of course if the compensation claimant so elects, he may make the insurance carrier a party before the board and litigate there any special defense the carrier may have. Cf. Murphy v. Aetna Casualty & Surety Company, Ky., 445 S.W.2d 695. In that case, if any award be obtained naming the carrier, the award could be enforced against the carrier by summary proceeding under KRS 342.305. But there is nothing to compel the carrier to be made a party before the board, and ordinarily any special defense the carrier might have would better be litigated before a *court.*

Decisions from other jurisdictions are discussed in 101 C.J.S. Workmen's Compensation § 845, pp. 175, 176. It appears that most courts recognize that under a statute such as KRS 342.305 the court exercises only a *ministerial* function and it has no general jurisdiction to determine any

question of fact or law necessary to support the award; it must render judgment in accordance with the award. For the court, in such a proceeding, to undertake to enter judgment against someone not named in the award would involve action more than ministerial, determination of question of fact or law, and extending the award beyond its terms. That is why entry of judgment against an unnamed insurer is not within the authorization of the statute. But none of the foregoing considerations militate against the authority of a court of general jurisdiction, in a regular action on regular process, to enforce judicially the insurance carrier's liability.

 It is our conclusion that the circuit court has jurisdiction in the instant action to determine and enforce the liability of U. S. F. & G.

Appeal No. F–165–68 is dismissed.

On Appeal No. W–97–69 the order overruling the CR 60.02 motion is affirmed, but the judgment of May 22, 1968, made final by the order of November 27, 1968, is reversed with directions for further proceedings in conformity with this opinion.

All concur except that MILLIKEN and REED, JJ., concur in the result but question whether the Cole decision is correct.