Drexell DAVIS, Treasurer of the Commonwealth of Kentucky, as Custodian of the Uninsured Employers' Fund, Appellant,

v.

John COMER et al., Appellees.

Court of Appeals of Kentucky.

Dec. 12, 1975.

Ed W. Hancock, Atty. Gen., Frankfort, Lloyd R. Edens, Thomas A. Ainley, Asst. Attys. Gen., Frankfort, for appellant.

C. Kilmer Combs, Kelsey E. Friend, Law Firm, Pikeville, William O. Windchy, Louisville, Earl M. Cornett, Dept. of Labor, Frankfort, for appellees.

PALMORE, Justice.

This is a workmen's compensation case in which the employer's compensation insurance had expired before the date of the disability out of which the workman's claim arose. The question is whether the claimant's failure to make the Uninsured Employers' Fund (KRS 342.760) a party to the proceeding before the Workmen's Compensation Board is a defense to his claim asserted against it after the Board had entered a final award. We affirm the judgment of the circuit court to the effect that it is not.

It was stipulated in the circuit court action that on January 8, 1973, the claimant became permanently and totally disabled as the result of pneumoconiosis arising out of and in the course of his employment as a coal miner, the last injurious exposure having occurred on that date incident to his employment with Miller & Tackett Trucking Company; that the employer and employe were working under the Workmen's Compensation Act; that the employer was a secured employer under KRS 342.340 until October 15, 1972; and that after the latter date the employer continued to operate under the Act but did not carry insurance coverage or qualify as a self-insurer as required by KRS 342.340.

The claimant's application for benefits was filed with the Board on March 21, 1973. The employer and the Special Fund (KRS 342.120) were named as defendants, and each filed a notice of resistance. On May 21, 1973, pursuant to a motion by the Special Fund, the Director of the Board filed a certificate that the employer had accepted the provisions of the Act but that no insurance coverage was in effect on January 8, 1973. During the ensuing months evidence on the merits of the claim was adduced by both the claimant and the employer, following which the case was briefed by the claimant and the Special Fund, but not by the employer. On June 17, 1974, the Board entered an opinion and order awarding compensation on the basis of permanent total disability and apportioning 75% against the Special Fund and 25% against the employer.

Two months later, in August of 1974, the claimant filed with the Board and served upon the Uninsured Employers' Fund a motion asking that the Fund be made a party defendant and that it be required to make the payments theretofore awarded against the employer. This motion was vigorously resisted and eventually was denied by an opinion and order of the Board entered on November 18, 1974. The claimant then filed an action in the circuit court against the Uninsured Employers' Fund, the Board, and the parties named as defendants in the compensation proceeding, demanding that the Uninsured Employers' Fund be required to pay. The Uninsured Employers' Fund now appeals from a judgment granting the relief demanded.

The circuit court action was so pleaded by the claimant as to present an appeal under

KRS 342.285 and an original proceeding to enforce the award. The employer having failed to answer, a default judgment was taken against it, a writ of execution was issued and returned *nulla bona,* and the trial court thereafter entered its judgment against the Uninsured Employers' Fund.

The Uninsured Employers' Fund's contention in this court that under the principle of *Traveler's Insurance Company v. Cole,* Ky., 336 S.W.2d 583, 584 (1960), KRS 342.305 does not authorize a judgment against a defendant not named in the Board's award is answered by our opinion in *Fruchtenicht v. United States Fidelity & Guar. Co.,* Ky., 451 S.W.2d 835, 837–838 (1970), citing the difference between an original action in the circuit court as a court of general jurisdiction and an ex parte proceeding brought in that court under KRS 342.305.

■■ As against the Uninsured Employers' Fund, which is the only appellant in this court, the trial court treated the proceeding before it as an independent action not brought under KRS 342.305. It was of the further opinion, and so held, that the position of the Uninsured Employers' Fund, which had not been made a party to the Board proceeding prior to the final award, was comparable with that of an employer's insurance carrier under the principles set forth in *Fruchtenicht v. United States Fidelity & Guar. Co.,* Ky., 451 S.W.2d 835, 838 (1970). That is, although the Uninsured Employers' Fund may be, there is no statutory basis for a requirement that it must be, made a party to the Board proceeding. Indeed, as pointed out in *Davis v. Turner,* Ky., 519 S.W.2d 820, 823 (1975), the Uninsured Employers' Fund's liability actually does not arise until there is a default in payment of the compensation due under an award. We recognize, of course, that there are differences between the respective relationships of an insurer and the Fund toward the employer, but they do not obscure the stubborn fact that there is nothing in the statutes to suggest an intention that the Uninsured Employers' Fund be joined

in the compensation proceeding before the Board. The most plausible hypothesis is that in enacting KRS 342.760 the legislature never thought of it.

■ We perceive no due process problem. Whatever defenses the Uninsured Employers' Fund may have had could have been litigated in the circuit court action. Certainly it has never been necessary that one who is secondarily liable to satisfy an obligation upon default of the principal obligor be joined in an action against the principal. To the contrary, in the traditional guaranty or back-up situation there was no assertable cause of action against the guarantor until the principal had defaulted.

We are fully aware that in the shark-infested waters of workmen's compensation litigation there may be fraud and collusion between claimants and non-covered or otherwise judgment-proof employers. However, we did not write this law, and it is neither our responsibility nor our prerogative to shore it up against the tides of iniquity. The legislature opened the door, and it is up to the legislature to close it if it so desires.

■ Finally, the Uninsured Employers' Fund cites an administrative rule of the Board providing that "all persons must be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally, or in the alternative." To this the same answer applies. Until there is a default by the employer there can be no cause of action the claimant is bound to assert.

The Board, either by rule or on a case-by-case basis, may permit the Uninsured Employers' Fund to appear in or be made a party to the proceeding before it. When, as in this instance, it is discovered that the employer is not covered, or might not be able to satisfy an award, it seems to us that the Board of its own initiative ought to make the Uninsured Employers' Fund a

party in order that it may defend against any unmeritorious claim.

The judgment is affirmed.

All concur.