**James R. YOCOM, Commissioner of Labor, etc., Appellant,**

v.

**Walter CAMPBELL et al., Appellees.**

Supreme Court of Kentucky.

May 7, 1976.

Earl M. Cornett, Joe A. Newberg, Dept. of Labor, Frankfort, for appellant.

M. B. Fields, Hazard, Thomas A. Ainley, Asst. Atty. Gen., Frankfort, for appellees.

LUKOWSKY, Justice.

This is an appeal by the Special Fund from a judgment of the Perry Circuit Court which refused to direct the Workmen's Compensation Board to require that the Special Fund be reimbursed for its payment to the claimant of the employer's share of the award by the Uninsured Employers' Fund in the event of default by the employer.

Walter Campbell filed an application for adjustment of claim with the Board on June 18, 1973, alleging that he became permanently and totally disabled due to the occupational disease of silicosis and/or pneumoconiosis on April 24, 1973. A hearing was held and the Board entered its opinion, order and award on November 18, 1974.

Campbell was found to be permanently and totally disabled and was awarded maximum benefits of Sixty-three ($63.00) Dollars a week for a period of four hundred and twenty-five (425) weeks. The award was apportioned seventy-five (75%) percent against the Special Fund, and twenty-five (25%) percent against his employer, Gwen Don Coals, Inc. and provided pursuant to KRS 342.316(13)(a) that all sums assessed be paid by the Special Fund subject to reimbursement by the employer.

The employer did not have insurance on April 24, 1973 and had not qualified as a self-insurer. The Uninsured Employers' Fund has been a party to these proceedings since they were commenced. The Board assessed no liability against the Uninsured Employers' Fund but did not dismiss it from the case. The Board did not find that the employer was financially unable to reimburse the Special Fund for its portion of the award.

The Uninsured Employers' Fund filed a petition for reconsideration seeking clarification of its possible liability resulting from the opinion and award. This petition was overruled by the Board. Both funds appealed to the Perry Circuit Court with the result previously described. The Special Fund now appeals to this court for the relief refused by the Board and the circuit court.

The Uninsured Employers' Fund is a proper party to this case only because the employer was uninsured and, consequently, it had potential, *but speculative,* liability. Such a specter of liability entitles it to make an original defense to a claim. *Davis v. Comer,* Ky., 532 S.W.2d 12 (1975). However, the propriety of its presence in the action does not imply liability. Like a surety it has no duty to pay at least until the principal, here the employer, either fails to pay or is found unable to pay. KRS 342.760(4). *Davis v. Turner,* Ky., 519 S.W.2d 820 (1975).

The Special Fund has not to this day paid one thin dime to Campbell. As a result, it has not sought and has not been denied reimbursement by the employer. The employer's lack of insurance coverage and failure to qualify as a self-insurer are not conclusive or necessarily indicative of inability to pay.

Until such time as the Special Fund performs its obligation and pays compensation to Campbell and unsuccessfully seeks reimbursement from the employer, the question of its subrogation to Campbell's rights against the Uninsured Employers' Fund remains academic. The Board is not required by any statute brought to our attention to give advisory opinions on hypothetical fact situations. We know of no provision for an administrative declaratory judgment, and the declaratory judgment act, KRS 418.040 et seq., does not permit one to be sought for the first time within the appellate process.

We can not say that the Board's tacit conclusions that the issue here is not yet appropriately ripe for decision and that reserving decision places no undue hardship on the parties are erroneous. *Combs v. Matthews*, Ky., 364 S.W.2d 647. Historically adjudicative bodies have avoided the decision of abstract disagreements. *Re Constitutionality of House Bill No. 222*, 262 Ky. 437, 90 S.W.2d 692 (1936).

If and when this fear of non-reimbursement matures into the certainty of a justiciable controversy it will become worthy of disposition by the Board and the courts.

The judgment is affirmed.

All concur.