Drexell R. DAVIS, Successor in Interest to Frances Jones Mills, Treasurer of the Commonwealth of Kentucky and Custodian of the Uninsured Employers' Fund, Appellant,

v.

Terry L. GOODIN, Kernie Fee, Johnnie Helton, Robert Blanton, Dewey Blanton d/b/a Four N Coal Co., Ramsey Brock and Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Oct. 1, 1982.

Steven L. Beshear, Atty. Gen., Dana C. Stinson, Asst. Atty. Gen., Frankfort, for appellant.

Charles W. Berger, Pineville, Jack G. Stephenson, Karl S. Forester, Harlan, for appellees.

Johnny Helton, pro se.

Ramsey Brock, pro se.

Before GANT, HOWARD and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment entered November 5, 1981, which held that the Board's regulations do not require all the liable parties to be in default but that an unsuccessful execution on one of the five individuals primarily responsible is sufficient to make the uninsured employers' fund liable.

In 1976, Goodin was awarded workers' compensation benefits against Kernie Fee, Johnny Helton, Robert Blanton and Dewey Blanton, d/b/a Four N Coal Company, and Ramsey Brock, jointly and severally. When payments were not made, Goodin obtained a judgment enforcing his award pursuant to KRS 342.305 in 1977. He issued an execution against Dewey Blanton and a return was made by the Sheriff in 1978 with "No Property Found." Goodin then obtained an order from the Workers' Compensation Board directing the uninsured employers' fund to pay his claim. This appeal followed.

The issue is whether the Board committed reversible error in ordering payment by the fund prior to a showing of default by return of execution for all primarily liable parties under the award.

This Court reverses the judgment of the circuit court and remands this case to the Workers' Compensation Board with directions to set aside the order for payment by the uninsured employers' fund because a default in payment of the award has not yet been obtained from all of the employers.

Pursuant to KRS 446.020(1), a default as mentioned in KRS 342.760(4) and 803 KAR 25:010(24) must be a default of all of the employers and not just one of them before statutory liability attaches to the uninsured employers' fund.

Statutory liability arises only when there has been a default in payment of compensation because of the failure of the employer to secure payment. Here Goodin had established default by only one of his five liable employers.

A correct statutory construction, pursuant to KRS 446.020(1), provides that the singular includes the plural. A word importing the singular number only may be extended and applied to several persons as well as to one person. We are not persuaded that the rules promulgated by the Board in order to determine when an employer has defaulted are meant to refer only to a singular employer. 803 KAR 25:010(1)(4) also provides that the use of the singular includes the plural.

The proper interpretation of Section 24 indicates a clear intent to require a default in payment by all of the primarily liable parties prior to assessing liability against the uninsured employers' fund.

A return of execution against only one of the five employers who are defendants in the case does not establish a default in payment. The fund has only a secondary liability which comes into play only after execution is unsatisfied against those individuals who have primary responsibility.

It is well settled that an employer who is uninsured is directly liable to his injured employee. *Davis v. Turner*, Ky., 519 S.W.2d 820 (1975). The uninsured employers' fund has potential, but speculative, liability. *Yocom v. Campbell*, Ky., 536 S.W.2d 470 (1976).

Here there were five individuals who were found to be employers and were jointly and severally liable for the award. The claimant is not permitted to execute

against one insolvent individual and thereby place liability on the fund. There is no reason he could not have executed against the other individuals.

It is the holding of this case that a default in payment of a compensation award by co-employers must be obtained against all of the employers as required by KRS 342.760(4), before liability can be placed on the uninsured employers' fund.

This matter is remanded to the circuit court with directions that it be returned to the Workers' Compensation Board in order to set aside the order for payment from the uninsured employers' fund because default has not been established in regard to all of the liable employers.

All concur.