John Calhoun WELLS, Secretary, Labor Cabinet (Special Fund), Appellant,

v.

Davis E. BLAIR; Howe's Coal Company; Uninsured Employers' Fund & Workers' Compensation Board of Kentucky, Appellees.

No. 86–CA–1476–MR.

Court of Appeals of Kentucky.

April 17, 1987.

Rehearing Denied Aug. 21, 1987.

Discretionary Review Denied by Supreme Court Oct. 7, 1987.

David R. Allen, Louisville, for appellant.

John V. Porter, Paintsville, Paul D. Rehm, Donald Roney, Frankfort, for appellees.

Before HOWERTON, C.J., and COMBS and HAYES, JJ.

HAYES, Judge:

This is a workers' compensation dispute between the Special Fund and the Uninsured Employers' Fund in which the former appeals from a judgment and order entered January 31, 1986, as amended May 23, 1986, in Morgan Circuit Court. The issue involves the applicability of KRS 342.-316(13)(a) and KRS 342.120 in determining the proper method of payment between an uninsured employer and the Special Fund.

Davis E. Blair was found totally and permanently disabled as a result of coal miner's pneumoconiosis and/or silicosis; upon application for adjustment of his claim in February 1984, naming the Special Fund, the Uninsured Employers' Fund and Howe's Coal Company, his most recent employer, as parties defendant. The Board rendered an award on June 24, 1985, assessing 25% liability against the coal company and 75% against the Special Fund. All compensation awarded was ordered to be paid initially by the employer for the number of weeks proportionate to its liability, and the Special Fund would pay all

compensation for the remainder of the compensable period, directly to Blair. KRS 342.316(13)(a); KRS 342.120. Because the coal company was uninsured and did not qualify as self-insured, the Board further provided that the Uninsured Employers' Fund would become liable only after return of a writ of execution of "no property found." The Uninsured Fund's subsequent petition for reconsideration contesting the applicability of KRS 342.316(13)(a) was denied, and it appealed to the Morgan Circuit Court. The Special Fund countered that the issue was not ripe for adjudication because the statutory procedures for invoking liability on the Uninsured Fund had not been invoked and, in any event, the payment method ordered by the Board is mandated by KRS 342.316(13)(a) and KRS 342.120.

The court, without addressing the ripeness issue, entered a judgment January 31, 1986, ordering the Special Fund and the uninsured employer to each pay its proportionate share of liability concurrently, directly to Blair, thus altering the payment method ordered by the Board. Blair then filed a CR 59 motion, requesting the court to grant summary judgment against the employer as it having defaulted on its obligation, and requesting the court to amend its judgment to so reflect. The court sustained the motion and amended its judgment accordingly on May 23, 1986. The court further stated that upon the procurement of an execution of "no property found," the Uninsured Fund would become liable "pursuant to the Kentucky Workers' Compensation Statute, and the regulations adopted thereunder." This appeal followed.

■ Initially, the Special Fund contends that the circuit court erred in entertaining a suit which was not ripe for adjudication. We agree. As the Uninsured Fund's duty to pay had not yet arisen, its actions before the Board and circuit court were premature. *Yocum v. Campbell*, Ky., 536 S.W.2d 470 (1976).

KRS 342.790 and 803 KAR 25:010 § 24 provide the procedures for obtaining relief from the Uninsured Employers' Fund. KRS 342.790 provides that the attorney general institutes a civil action against the defaulting employer in the name of the state. 803 KAR 25:010 § 24 basically provides it is the *Board* that orders the Uninsured Employers' Fund to commence payment, upon request by the claimant if the claimant provides proof that he has reduced the Board's compensation award to judgment in a circuit court as required by KRS 342.305. Though the Uninsured Fund does not address this issue, the record is void of any evidence that the Board had ordered the Uninsured Fund to commence payment at the time the circuit court entered its judgment in May 1986. The Uninsured Fund's appeal to the circuit court, therefore, may have been premature as it only had speculative liability.[1] *Yocum v. Campbell, supra; Davis v. Goodin*, Ky. App., 639 S.W.2d 381 (1982).

■ Even if the issue had been ripe for determination, we are constrained to agree with the Special Fund that the court clearly erred in altering the payment method ordered by the Board and mandated by KRS 342.316(13)(a), which provides:

The employer liable for compensation for ... silicosis and any other compensable pneumoconiosis, shall be the employer in whose employment the employe was last exposed to the hazard of such occupational disease. In those cases where disability or death are not conclusively proven to be the result of such exposure ... seventy-five percent (75%) shall be paid by the special fund and twenty-five (25%) by the employer.... *provided, however, that when there is a joint award against the carrier or self-insured employer and the special fund under this section, all of the compensation awarded shall be paid pursuant to KRS 342.120 and under such regulations as the board may provide for such purposes.* (Emphasis added).

KRS 342.120 itself provides that an employer shall be liable for the payment of *all income benefits until the benefits paid*

---

1. The record does not reflect that the Board has entered such an order even to this date.

*have reached a percentage of the full income benefits awarded by the board.* The remaining compensation payments are to be paid by the Special Fund once the employer's obligation is fulfilled. The Uninsured Fund argues that since the coal company is neither a "carrier" nor "self-insured," the proviso contained in KRS 342.-316(13)(a) directing that the award be paid in accordance with KRS 342.120 is inapplicable and therefore the circuit court acted properly in rejecting the payment method ordered by the Board. However, to permit this argument to stand would effectively circumvent the purpose behind the 1982 amendments to the Act. Prior to the July 15, 1982, amendment, the Special Fund would pay subject to quarterly reimbursements by the employer. The 1982 amendments provide that the employer pay its percentage of liability first; at the end of the employer's term of payment the Special Fund commences *its* payments. The uninsured employer is not mentioned in the quoted statute because under the statute he must either be insured by a carrier or else qualify as self-insured. The Uninsured Employers' Fund is not mentioned because it merely steps into the "shoes" of the uninsured employer once he defaults and the statutory procedures for invoking liability in it are followed.

Accordingly, the judgment and order of the Morgan Circuit Court are reversed and remanded for entry of a judgment in conformity with the Board's original award.

All concur.