Otis Doan, Jr., Harlan, for appellant.

Darrell Saunders, Corbin, for appellee.

Before CLAYTON, GUDGEL and MILLER, JJ.

MILLER, Judge.

Gene Hereford appeals from an order of the Bell Circuit Court enforcing against him an opinion and award of the Workers' Compensation Board. Kentucky Revised Statutes (KRS) Chapter 342. We affirm.

The facts are these: On or about November 21, 1977, appellee, Minnie Storms, a widow, was awarded death benefits on behalf of herself and her children as a result of the death of her husband while in the employ of appellant and his brother, George.[1] The benefits extended during appellee's widowhood and the children's dependency. Appellant and his brother, unin-

**Gene HEREFORD, Appellant,**

v.

**Minnie STORMS, Appellee.**

**No. 89–CA–1806–MR.**

Court of Appeals of Kentucky.

Dec. 14, 1990.

Rehearing Denied Feb. 8, 1991.

Motion for Discretionary Review Dismissed May 31, 1991.

---

1. The award was originally entered against both

appellant and his brother, George Hereford.

sured employers within the meaning of the Act, failed to pay the award. There is no contention of insolvency.

On May 17, 1988, appellee sued appellant and his brother in the Bell Circuit Court to enforce the award under the authority of KRS 342.305 (since modified) and KRS 342.790 (since modified). On September 15, 1988, the court entered partial summary judgment under Kentucky Rules of Civil Procedure (CR) 54.02 in the amount of $24,-384.00, representing accrued benefits. No appeal was taken from this judgment. After levying execution, the judgment was paid.

On June 28, 1988, the circuit court reduced all future benefits of appellee and her children to a "lump sum," based on present value of the award, and entered judgment against appellant and his brother, jointly and severally, for the sum of $83,459.00. From this judgment, we consider Gene's appeal.

The circuit court's judgment was premised upon KRS 342.150 (since modified) and Section .790. Appellant maintains the court was not authorized to entertain this litigation under Section .790, which enables the Commonwealth, through the Attorney General, to recoup payments from the Uninsured Employers' Fund. The court is authorized to reduce the award to a lump sum, but the statute does not specifically authorize private action on behalf of a claimant.

A claimant's remedy is to enforce a compensation award in circuit court, pursuant to KRS Section .305, which authorizes the court to enter judgment in accordance with the award. The question now is whether the court may reduce the compensation award to a lump sum, as the board would have been so authorized under Section .150. Relying upon Sections .150 and .790, the circuit court reduced appellee's award to a lump sum. Appellant complains the court lacks such authority. Appellee maintains the court was correct inasmuch as she should be able to maintain private action

under Section .790. She directs us to *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), and *Rayford v. City of Detroit*, 347 N.W.2d 210, 132 Mich.App. 248 (1984), pertaining to private actions on statutes designated for public enforcement.

We are also directed to *Yocom v. Campbell*, Ky., 536 S.W.2d 470 (1976); *Davis v. Turner*, Ky., 519 S.W.2d 820 (1975); and *Wells v. Blair*, Ky.App., 736 S.W.2d 346 (1987), which are not particularly helpful inasmuch as they are concerned with prerequisites to imposing liability upon the Uninsured Employers' Fund. Such is not the issue before us; rather, it is whether a claimant may sue in circuit court on a periodic compensation award and have judgment entered for a lump sum based on present value. We, therefore, do not think it necessary to determine whether appellee possesses a private right to enforce under Section .790. Moreover, since this case does not involve the insolvency or inability of the employer to pay, we do not consider *Yocom, Davis,* or *Wells* dispositive. The simple fact is the employer does not pay until forced to do so at the dawn of execution.

In our view, the Act does not address the situation inasmuch as Section .150, pertaining to lump sum awards, is directed to the board. There is no inference from Section .150 that the circuit court is bound by its provisions. The only inference to be drawn from the Act is that provided in Section .305—that an award of the board may be sued upon in the circuit court, which, in turn, "shall render judgment in accordance therewith...." We do not consider this as preventing the circuit court from reducing the periodic compensation award to a lump sum. Certainly, after entering the judicial system, the administrative award may be dealt with according to traditional principles of jurisprudence. To require a claimant to serially enforce periodic payments is absurd. Even if the circuit court should enter a continuing judgment, repeated executions would be an

Both appealed to this Court. By order of this Court, dated October 16, 1990, George's appeal was dismissed.

onerous burden upon claimants who have suffered a loss of income and, under the Act, are entitled to quick and inexpensive reparation. Not to reduce the award to a lump sum for which a single execution may suffice would effectively render appellee's compensation award a Pyrrhic victory.

For the foregoing reasons, the order of the circuit court is affirmed.

CLAYTON, J., concurs.

GUDGEL, J., dissents by separate opinion.

GUDGEL, Judge, dissenting:

Respectfully, I am constrained to dissent. In my opinion there is simply no statutory basis for the procedure sanctioned by the majority opinion. Although this is an unusual case in that the uninsured employer has assets sufficient to satisfy the board's award and, hence, the employee's dependent cannot look to the uninsured employer's fund for payment of her benefits as they accrue, the majority erroneously provides the dependent with an expedient enforcement remedy which is not authorized by law. Regardless of whether the employer is insured, there are only two situations in which the workers' compensation statute authorizes the commuting of an award of periodic disability benefits to a lump sum. Pre-award lump sum settlements between the employer and the employee are authorized under KRS 342.265, and post-award lump sum settlements are authorized under KRS 342.150. *See Palmore v. Helton*, Ky., 779 S.W.2d 196 (1989). However, both of these statutes expressly require the employer to agree to the award's commutation to a lump sum. Here, by contrast, appellant has refused to voluntarily make any payment of benefits, much less to agree that the award be commuted to a lump sum. It is clear, therefore, that the commutation of the award in the instant action may be upheld only if the court's action was authorized under KRS 342.305 or 342.790. I fail to perceive that it was.

The majority opinion finds a basis for the court's action in KRS 342.305. However, this statute only authorizes the circuit court to render a judgment in accordance with the board's award. It is undisputed that the award to appellee in the instant action was for periodic payments. Contrary to the majority, I find no basis in the language of the statute to authorize commutation of an award of periodic benefits to a lump sum, and the mere fact that nothing in the statute expressly prevents commutation is of no significance. Obviously, since two statutes expressly cover lump sum awards, there was no reason for mentioning that subject in KRS 342.305, which governs only the enforcement of awards. I do not believe that we would be justified in implying, as appellee urges, a private cause of action under KRS 342.790. Such a construction of that statute would effectively rewrite KRS 342.265 and 342.-150 so as to preclude their application to cases involving uninsured employers. This I am unwilling to do, since the legislature itself has not seen fit to do so.

The circuit court should have entered a judgment in this case awarding appellee a judgment for future benefits, as they accrue, which conformed in all respects to the language of the board's award. In order to enforce such a judgment appellant need only cause the issuance and service of successive executions against appellant's property. This burden on appellee is no less onerous than that imposed upon any other judgment creditor. In my view, it is not sufficiently burdensome to justify this court's provision of an expedient remedy by judicial fiat which is not authorized by the statute. Indeed, if the majority decision in the instant action is sustained, then we should also provide similar relief in other cases involving refusals to pay money benefits as they accrue, such as commuting to lump sums future nonaccrued payments of child support and maintenance.

I would reverse the court's judgment with directions to enter a new judgment consistent with KRS 342.305.